**People of the State of Illinois, Plaintiff-Appellee, v. Samuel Mastin, Defendant-Appellant.**

**Gen. No. 52,257.**

First District, Fourth Division.

May 28, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Harold A. Cowen, Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

No brief filed for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

CRIMES CHARGED

Aggravated battery and attempt to commit robbery. Ill Rev Stats (1965), c 38, §§ 12-3, 12-4, 8-4, 18-1, 18-2.

DEFENSE AT TRIAL

Self-defense.

JUDGMENT

On December 6, 1966, after a bench trial, defendant was found guilty of both charges and sentenced to terms of one to five years.

## PROCEEDINGS ON APPEAL

On September 8, 1968, the attorney appointed by the trial court to represent defendant on appeal, filed a petition for leave to withdraw from the case on the ground that he was unable to find any legal points which were arguable on their merits. He also filed a brief, covering possible issues, in compliance with Anders v. California, 386 US 738. Copies of the petition and brief were served by mail upon defendant in the penitentiary on September 20, 1968, and on September 30 he was notified that he might have until November 30, 1968, to file any points he might choose in support of his appeal. Defendant filed nothing additional.

Counsel's brief covers the possible point that the evidence did not prove defendant's guilt beyond a reasonable doubt because (1) the knife employed in the occurrence was not a "deadly weapon," as that term is used in the statute defining aggravated battery, and (2) there was insufficient proof of defendant's intent to rob.

At the trial, a Chicago Transit Authority plainclothes policeman testified that defendant had approached him with a knife and demanded his money. A struggle ensued and another police officer, in coming to the aid of the first, was stabbed in the hand. Defendant was also injured, but escaped, and was apprehended at a hospital where he had gone for treatment. The knife was introduced into evidence. Defendant's story, which was obviously not believed by the trial court, was that the two policemen first attacked him with their guns drawn, and he was merely defending himself. He denied having a knife, and the two policemen denied having drawn their guns.

No testimony described the knife which was introduced in evidence. Some weapons, such as firearms, are inherently deadly, but others, even small pocket knives, may be used for a deadly purpose and become capable of producing death. Both categories of weapons

402

therefore qualify as "deadly." See People v. Carter, 410 Ill 462, 102 NE2d 312; People v. Clink, 216 Ill App 357; Hamilton v. People, 113 Ill 34; and People v. Dwyer, 324 Ill 363, 155 NE 316.

■ As to the necessary proof of defendant's intent to rob, the express testimony of one of the policemen that defendant, on drawing the knife, said, "Give me your money," was believed by the trier of fact who has the primary responsibility to determine credibility. People v. White, 63 Ill App2d 105, 112, 211 NE2d 9; People v. Thornton, 26 Ill2d 218, 186 NE2d 239. Defendant's testimony produced no apparent reason for the implausible attack upon him by the policemen with drawn guns. When a defendant elects to justify his conduct, he must be judged by the improbability of his own evidence. People v. Spagnolia, 21 Ill2d 455, 458, 173 NE2d 431. We conclude that the proof on the question of intent was more than adequate.

■ Another point which is frequently raised in this court is that of excessive punishment. That is also unavailable here, in our opinion. Defendant had been convicted of theft in 1964 and placed on probation (as disclosed at the hearing in aggravation and mitigation). Under all the circumstances of this case, the sentences of one to five years are not too severe. People v. Taylor, 33 Ill2d 417, 424, 211 NE2d 673.

■ In addition to considering the brief filed, we have made "a full examination of all the proceedings" as required by Anders, supra. We conclude that there are no legal points "arguable on their merits," and that the appeal is "wholly frivolous." Defendant's attorney is therefore given leave to withdraw, and the judgments of the Circuit Court are affirmed.

Affirmed.

DRUCKER, P. J. and McNAMARA, J., concur.