THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMY SIMS, Defendant-Appellant.

First District (1st Division)   No. 81—99

Opinion filed August 16, 1982.

James J. Doherty, Public Defender, of Chicago (Frank P. Madea and Ira Churgin, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Lester Joseph, and John A. Ward, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGLOON delivered the opinion of the court:

After a jury trial, defendant Jimmy Sims was found guilty of official misconduct. He was sentenced to 30 months' probation, the first 6 months to be served in the Cook County work release program. On appeal, defendant raises issues regarding the sufficiency of the indictment and the propriety of a jury instruction.

We affirm.

Defendant was charged by indictment with violating sections 33—3(b) and 33—(c) of the Criminal Code of 1961. (Ill. Rev. Stat. 1979, ch. 38, pars. 33—3(b) and 33—3(c).) Prior to trial, defendant moved to dismiss the indictment. The trial court granted the motion only as to count I based on section 33—3(b).

During trial, Hattie Harris testified that Jerry Lewis had been her foster child until July 1977. Defendant, a social worker employed by the Department of Children and Family Services (the Department) had been Lewis' caseworker. In August, September and October of 1977, Harris received room and board payments from the Department even though Lewis no longer resided with her. After receiving each payment, Harris phoned defendant who told her to cash the check,

keep some of the money herself, and pay him the remainder. Defendant gave Harris a receipt for each transaction. He told Harris he would give the remainder to Lewis' new foster mother Carolyn Cochrane.

Harris further testified she spoke with Cochrane and thereafter saw Wilmette Gray, defendant's supervisor in the Department. Harris showed Gray the receipts given her by defendant. In December 1977, Harris received a notice from the Department stating that she had been overpaid. On December 21, 1977, defendant came to Harris' home to collect the overpayment. She gave defendant $100. Harris also testified that on all occasions, she paid defendant in his capacity as a Department employee.

Wilmette Gray testified that she spoke to Carolyn Cochrane in September, October and November of 1977. As a result, she called Harris to her office on December 1, 1977. Harris brought the receipts given her by defendant. The following day, Gray met with defendant. She showed him copies of the receipts. Defendant admitted taking the money from Harris and using it to pay for auto repairs. Defendant also admitted that he gave no money to Cochrane. Gray informed Glenne Gervais, her supervisor, of the conversation with defendant. In January 1978, Gray sent defendant a letter advising him that his conduct violated the accepted standard of conduct for Department employees.

Gray further testified that it was a social worker's responsibility to notify the Department of changes in a ward's residence, to stop payments when a ward moves, and to initiate payments to the new foster parents. If a foster parent received money which was not due, the social worker was to advise that the check be returned. If checks or cash were returned to the caseworker, the caseworker was to return it to the Department. No caseworker was authorized to use money for personal expenses.

Glenne Gervais testified that at the time of the incident, she was a program coordinator for the Department. On February 15, defendant, in the presence of Gervais, signed a document which stated he would repay the funds he used without authorization or face civil charges.

Defendant first contends that count II of the indictment was insufficient because it failed to specify the conduct which violated section 33—3(c) of the Criminal Code of 1961 and failed to define the scope of his duties. He therefore argues the trial court erred in denying his motion to dismiss that count.

■ The section of the Criminal Code of 1961 relevant to this case

provides that a charge must set forth the nature and elements of the offense. (Ill. Rev. Stat. 1979, ch. 38, par. 111—3(a)(3).) Case law requires that an indictment be specific enough to inform the accused of the offense with which he is charged, to enable the accused to prepare a defense, and to permit him to plead the judgment as a bar to future proceedings for the offense. *People v. Brownell* (1980), 79 Ill. 2d 508, 404 N.E.2d 181; *People v. Banks* (1979), 75 Ill. 2d 383, 388 N.E.2d 1244; *People v. Miller* (1979), 75 Ill. App. 3d 775, 394 N.E.2d 783.

The indictment by which defendant was charged alleged that:

"Jimmy Sims committed the offense of official misconduct in that he, being a public employee, to wit: an employee of the Illinois Department of Children and Family Services, a Division of the State of Illinois, while acting in his official capacity with intent to obtain a personal advantage for himself, he performed an act in excess of his lawful authority, to wit: the said Jimmy Sims received approximately $383.00 United States currency, as an agent of the State of Illinois, from Hattie Harris, a foster mother, for and on behalf of the Illinois Department of Children and Family Services, and did not turn said monies over to the Illinois Department of Children and Family Services and spent said monies for his own personal use and benefit, in violation of Chapter 38, section 33—3(c), of the Illinois Revised Statutes 1975 ***."

■■ ■ The elements of the offense of official misconduct charged in this case are (1) an act performed by a public officer or employee in his official capacity which is in excess of his lawful authority (2) an intent to obtain a personal advantage for himself or another. (Ill. Rev. Stat. 1979, ch. 38, par. 33—3(c); *People v. Barlow* (1974), 58 Ill. 2d 41, 317 N.E.2d 49.) The indictment in this case alleged the elements of the offense and the specific acts which violated the law. Beyond a doubt, the indictment was sufficient to inform defendant of the charge, to allow for preparation of a defense, and to permit the use of a judgment as a bar to other prosecutions for the same charge. The fact that defendant's scope of lawful authority was not defined does not render the indictment insufficient. A public employee's lawful authority is not so poorly defined or understood that the employee is unable to determine the propriety of his acts. (*People v. Kleffman* (1980), 90 Ill. App. 3d 1, 412 N.E.2d 1057.) For these reasons, we find that the trial court did not err in denying the motion to dismiss count II of the indictment.

Second, defendant contends the trial court erred in giving the following instruction:

"A public employee is a person who is authorized to perform official functions on behalf of and is paid by the State. A social worker for the Illinois Department of Children and Family Services is a public employee."

Defendant objected to the instruction at trial. On appeal, he contends the second sentence, in effect, proved an element of the State's case and decided a question of fact which should have been decided by the jury.

■ We find no error in this instruction. The Illinois Department of Children and Family Services is a state agency established pursuant to section 1 of the Public Aid Code (Ill. Rev. Stat. 1979, ch. 23, par. 5001). Beyond a doubt, a person employed by a State agency is a public employee. The conclusion stated in the instruction was not one to be made by the jury. ,

Rather, we believe the relevant facts to be proved in this regard are that defendant was a social worker for the Department and that the acts constituting the crime were performed by defendant in his official capacity. The tendered instruction did not interfere with this burden of proof.

■ Furthermore, the evidence of guilt is overwhelming and thus any error in the instruction would not have prejudiced defendant. Therefore, assuming that the instruction was improper, the verdict of the jury need not be disturbed. *People v. Nelson* (1979), 73 Ill. App. 3d 593, 392 N.E.2d 602.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

CAMPBELL, P. J., and O'CONNOR, J., concur.