THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHESTER LaMONTE ROLLINS *et al.*, Defendants-Appellants.

Fifth District   No. 5—83—0277

Opinion filed November 20, 1985.

Randy E. Blue and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellants.

David W. Hauptmann, State's Attorney, of Harrisburg (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant, David Rollins, was indicted on four counts of murder, four counts of armed violence, two counts of attempted murder, two counts of voluntary manslaughter, two counts of aggravated battery, two counts of unlawful use of weapons, one count of reckless conduct, one count of involuntary manslaughter, and one count of misdemeanor criminal damage to property. A jury found David Rollins guilty of aggravated battery, reckless conduct, criminal damage to property, and one count of unlawful use of weapons, and not guilty as to the remaining charges. David Rollins was sentenced to 30 months' probation on the aggravated battery conviction and ordered to pay restitution of $3,589 as an incident of that probation. David Rollins contends that the verdicts of not guilty on the armed violence charges are legally inconsistent with the guilty verdicts on the aggravated battery charges. He also contends that the case should be remanded for a determination of his ability to pay restitution.

Chester Rollins was charged with six counts of armed violence, one count of reckless conduct, two counts of aggravated battery, one count of involuntary manslaughter, two counts of voluntary manslaughter, one count of criminal damage to property, two counts of unlawful use of weapons and two counts of attempted murder. Chester Rollins was found guilty of reckless conduct, criminal damage to property, and one count of unlawful use of weapons. He was found not guilty as to the remaining charges.

William Rollins and Charles Witherspoon were charged with four counts of armed violence, one count of reckless conduct, two counts of aggravated battery, one count of involuntary manslaughter, two

counts of voluntary manslaughter and two counts of unlawful use of weapons. William Rollins and Charles Witherspoon were found guilty of unlawful use of weapons. They were found not guilty as to all remaining charges.

Chester Rollins, William Rollins, and Charles Witherspoon were sentenced to one year probation and, as incidents of that probation, were sentenced to 100 days' imprisonment and ordered to pay a fine of $500. These defendants contend that they should receive credit toward their fines for time spent in custody prior to being sentenced.

The charges in this case arose from an ongoing dispute between the Rollins family and the Gulley family. The feud resulted in a shootout on January 23, 1982, in which Edith Gulley was killed and Cecil Gulley was wounded.

The charges of armed violence contained in the indictments as they related to defendant David Rollins and his alleged attacks upon Cecil Gulley are as follows:

"That on January 23, 1982, in Saline County, David L. Rollins committed the offense of ARMED VIOLENCE in that the said defendant, while armed with a dangerous weapon, a .38-caliber Ruger pistol, performed acts prohibited by Illinois Revised Statutes, Chapter 38, Section 12—4(a) in that he knowingly, and without legal justification, shot Cecil Gulley in the back, thereby causing great bodily harm to Cecil Gulley in violation of Paragraph 33A—2, Chapter 38, Illinois Revised Statutes."

Count XIII of the indictments charged:

"That on January 23, 1982, in Saline County, David L. Rollins committed the offense of AGGRAVATED BATTERY in that the said defendant, in committing a Battery, in violation of Illinois Revised Statutes, Chapter 38, Section 12—3, without legal justification, and by use of a deadly weapon, a .38-caliber pistol, knowingly caused bodily harm to Cecil Gulley, in that he shot Cecil Gulley in the back in violation of Paragraph 12—4b1, Chapter 38, Illinois Revised Statutes."

Count XIV of the indictments charged:

"That on January 23, 1982, in Saline County, David L. Rollins committed the offense of AGGRAVATED BATTERY in that the said defendant, in committing a Battery, in violation of Illinois Revised Statutes, Chapter 38, Section 12—3, without legal justification, knowingly caused great bodily harm to Cecil Gulley in that he shot Cecil Gulley in the back with a .38 caliber pistol in violation of Paragraph 12—4a, Chapter 38, Illinois Revised Statutes."

■■ An essential element of a conviction for armed violence is the commission of the underlying felony while armed. (*People v. Frias* (1983), 99 Ill. 2d 193, 457 N.E.2d 1233.) The requirement of section 33A—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 33A—2) that there be the commission of a felony while armed with a dangerous weapon contemplates the commission of a predicate offense which is a felony without enhancement by the presence of a weapon. (*People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627.) Before one may be convicted of armed violence based upon the predicate felony, the elements of that felony must be established, and it must be proved that the felony was committed while armed. *People v. Frias* (1983), 99 Ill. 2d 193, 457 N.E.2d 1233.

■ Each count of the indictment in question charging defendant David Rollins with the aggravated battery of Cecil Gulley alleged that defendant caused great bodily harm to Cecil Gulley by shooting Cecil Gulley in the back without legal justification while armed with a .38-caliber pistol. Count XIII alleged that defendant David Rollins committed aggravated battery in violation of section 12—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 12—4(b)(1)) that prohibits the commission of a battery while armed with a deadly weapon. Count XIV alleged that defendant committed aggravated battery based on great bodily harm by means of a .38-caliber pistol. The armed violence charge based in part upon count XIV is that defendant was "armed with a dangerous weapon, a .38 caliber pistol." However, we see neither discrepancy nor divergence in this charge since firearms are inherently deadly (see *People v. Mastin* (1969), 110 Ill. App. 2d 400, 249 N.E.2d 658), and the jury could not have found that the .38-caliber pistol was not a deadly weapon.

Defendant David Rollins notes the following common, and exclusive, elements of the charges of armed violence and aggravated battery committed upon Cecil Gulley: (1) defendant, while armed with a dangerous weapon, (2) shot Cecil Gulley in the back, (3) causing great bodily harm to Cecil Gulley, (4) without legal justification. This being the case, argues defendant, the verdicts of the jury that found him not guilty of armed violence but guilty of aggravated battery are legally inconsistent, and, under *People v. Frias* (1983), 99 Ill. 2d 193, 457 N.E.2d 1233, and *People v. Pearson* (1973), 16 Ill. App. 3d 543, 306 N.E.2d 539, the doctrine of collateral estoppel must be applied and his conviction of aggravated battery reversed. He contends that the final judgment of acquittal of the charge of armed violence determined the common issues of ultimate facts favorably to him and thus requires application of collateral estoppel.

While it is understandable that defendant would place his reliance upon the *Frias* case, we nevertheless have concluded that it is misplaced.

At the outset it should be said that an understanding of the doctrine of collateral estoppel in its application to inconsistent verdicts in criminal cases is not easily derived. Other related terms invariably appear in some, but not all, of the cases, and it seems that their definition and role in the decision-making process has not been uniform. In addition to the terms "collateral estoppel" and "inconsistent verdicts," we have also encountered "legally inconsistent verdicts," "logically inconsistent verdicts" and "lenity." For all these terms, fixed definitions and uniformity of usage are not readily found in the cases.

In *Frias* the defendant had been charged with murder and armed violence based on murder. A jury found him not guilty of murder but guilty of armed violence based on murder. The supreme court held that since the defendant had been acquitted of the murder charge, there could be no conviction of armed violence predicated on the murder. The court termed the verdicts "legally inconsistent" and applied collateral estoppel to reverse the armed violence conviction, although the verdicts were rendered in the same trial. In *Frias*, the supreme court quoted extensively and favorably from the Maryland case of *Powers v. State* (1979), 285 Md. 269, 401 A.2d 1031, *cert. denied* (1979), 444 U.S. 937, 62 L. Ed. 2d 197, 100 S. Ct. 288, and then stated:

> "If we fail to apply collateral estoppel simply because the legally inconsistent verdicts were rendered in the same trial, as the *Powers* court stated, we would have to ignore the fact that, in a related count in the same trial, there has been a valid final judgment of acquittal which determined common issues essential to the conviction in both counts." *People v. Frias* (1983), 99 Ill. 2d 193, 202, 457 N.E.2d 1233, 1237.

The defendant in this case places heavy reliance upon the foregoing language from *Frias*, and understandably so, because at his trial the jury rendered a valid final judgment of acquittal which determined common issues essential to a conviction on both armed violence and aggravated battery. Having found that defendant committed aggravated battery, the jury necessarily found that he was in possession of a dangerous weapon, the .38-caliber pistol, and if he committed aggravated battery while armed with a dangerous weapon he also thereby committed armed violence. Defendant argues that these facts bring his case squarely within the above language of *Frias*, and, accordingly, collateral estoppel must be applied to foreclose his conviction of

the armed violence charge since the elements of aggravated battery and armed violence are identical.

Defendant amplifies the application of the *Frias* language above noted by the citation of *People v. Pearson* (1973), 16 Ill. App. 3d 543, 306 N.E.2d 539, a case nearly identical on its facts with this one. In *Pearson* the defendant was charged with armed violence and aggravated assault. A jury returned verdicts of not guilty of armed violence but guilty of aggravated assault. The appellate court there held the verdicts to be "legally inconsistent" and reversed the conviction of aggravated assault because "the elements of aggravated assault and armed violence are identical, and the proof that would suffice to convict for one offense, being precisely the same, would equally support conviction of the other." (*People v. Pearson* (1973), 16 Ill. App. 3d 543, 548, 306 N.E.2d 539, 543.) The opinion in *Pearson* made no mention of collateral estoppel or lenity.

It must be granted that the facts of *Pearson*, although predating *Frias*, square its result with the above-quoted *Frias* language regarding the effect of an acquittal on a charge that determines common issues of fact and that *Pearson* and the language from *Frias* indicate that collateral estoppel would avail in all cases of inconsistent verdicts. Yet, a careful reading of *Frias* indicates that its decision was not so broadly cast. The inconsistent verdicts in *Frias* were indeed "legally inconsistent" because the armed violence charge there made was based upon murder. If there was no murder, then, perforce, there could be no armed violence based on murder. On the other hand, the characterization of the inconsistent verdicts in *Pearson* as "legally inconsistent" we think is misplaced. When considered in the light of more recent cases, we think the inconsistent verdicts of *Pearson* should be termed "logically inconsistent."

The principal case to which we refer is *People v. Barnard* (1984), 104 Ill. 2d 218, 470 N.E.2d 1005. There, the defendant was charged with murder and armed violence based on murder, the same charges as those in *Frias*. A jury returned verdicts of guilty of murder and not guilty of armed violence based on murder, the reverse of the verdicts in *Frias*. The defendant relied on *Frias* in seeking reversal of the murder conviction. If a pure application of the collateral estoppel doctrine were followed, the *Frias* language we have quoted above and the analysis of the *Powers* case contained in *Frias* would require reversal, for in a related count in the same trial there had been a valid final judgment of acquittal that determined common issues essential to a conviction on both charges.

But the supreme court in *Barnard* held *Frias* to be inapplicable.

It pointed out that the verdicts before it were the reverse of those in *Frias* and that the verdicts in *Frias* were legally inconsistent while those before it in the *Barnard* case were logically inconsistent. The court then stated:

> "The finding of not guilty of armed violence based on murder is not a finding that the defendant did not commit murder. We do not know what prompted the jury's not guilty verdict on the armed-violence count. It could have been an expression of lenity which, of course, does not render the verdicts legally inconsistent. *Frias* does not require a reversal of the murder conviction in this case." *People v. Barnard* (1984), 104 Ill. 2d 218, 227, 470 N.E.2d 1005, 1007.

■ To cast the facts from the case under consideration in this language from *Barnard*: The finding of not guilty of armed violence based on aggravated battery is not a finding that the defendant did not commit aggravated battery. The jury's verdict of not guilty of armed violence could have been an expression of lenity, but that does not render the verdicts legally inconsistent. *Frias* does not require a reversal of the aggravated battery conviction.

■ We are quick to decline the implied invitation to define now the difference between "legal inconsistency" and "logical inconsistency." We believe the better approach would be to make the determination that inconsistent verdicts rendered in a single trial are legally inconsistent or logically inconsistent on a case-by-case basis. We find that the terms themselves furnish sufficient guidelines for their application in specific cases. As we have noted, the verdicts in the *Frias* case were unquestionably legally inconsistent; those in the *Pearson* case were termed "legally inconsistent" but under *Barnard* would more properly be termed logically inconsistent. Two other cases are of similar import, *People v. Murray* (1975), 34 Ill. App. 3d 521, 340 N.E.2d 186, and *People v. Sims* (1984), 124 Ill. App. 3d 739, 464 N.E.2d 1252. In *Murray* the defendant was found guilty of murder but not guilty of aggravated battery. The court termed the verdicts logically inconsistent and approved what appeared to be an exercise of lenity by the jury. In *Sims* the defendant was found guilty of voluntary manslaughter but not guilty of armed violence. The verdicts were held to be only logically inconsistent, the result of either an expression of lenity or the inapplicability of the predicate offense.

■ We deem it appropriate to note that lenity can be recognized only in cases where inconsistent verdicts rendered in a single trial are found to be merely logically inconsistent, as in *People v. Barnard* (1984), 104 Ill. 2d 218, 470 N.E.2d 1005, *People v. Sims* (1984), 124

Ill. App. 3d 739, 464 N.E.2d 1252, and *People v. Murray* (1975), 34 Ill. App. 3d 521, 340 N.E.2d 186. In cases where inconsistent verdicts rendered in a single trial are found to be legally inconsistent, collateral estoppel will be applied to preclude a finding of guilt, and there can be no occasion to consider an application of lenity.

■ The State agrees with defendant David Rollins' contention that the restitution ordered as an incident of probation that was granted on the aggravated battery conviction was improper because the court did not conduct a hearing to determine his ability to pay restitution. (See Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—6(a); *People v. Johnson* (1982), 106 Ill. App. 3d 171, 440 N.E.2d 1257.) We accordingly vacate the order of restitution and remand the cause for a determination of defendant's ability to make restitution.

■ Chester Rollins, William Rollins and Charles Witherspoon were sentenced to probation for a period of one year and ordered to pay a fine of $500. These defendants contend that they should receive credit toward their fine for the time spent in custody. (See *People v. Young* (1981), 96 Ill. App. 3d 634, 421 N.E.2d 968.) The State agrees with the contention of these defendants but points out that the record is not clear as to the pre-indictment incarceration of these defendants. We accordingly find that the defendants should receive credit pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 110—14) of $5 for each day incarcerated prior to posting bond against their fines. The cause is remanded to the circuit court of Saline County for the purpose of determining the proper amount of credit and then applying the credit toward the fines.

For the foregoing reasons, the aggravated battery conviction of David Rollins is affirmed, and the cause is remanded for a determination of his ability to make restitution. David Rollins' convictions for reckless conduct, criminal damage to property and unlawful use of weapons are affirmed. The convictions of Chester Rollins, William Rollins and Charles Witherspoon are affirmed, and the cause is remanded to determine the credit toward their fine to which they are entitled by virtue of incarceration prior to posting bond.

Affirmed in part, vacated in part, and remanded with directions.

HARRISON and WELCH, JJ., concur.