THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANNETTE FIORE, Defendant-Appellant.

First District (2nd Division)   No. 86—1550

Opinion filed April 26, 1988.

Nick Mlade, Ltd., of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Bonnie Meyer Sloan, and Thomas V. Lyons II, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SCARIANO delivered the opinion of the court:

Defendant, Annette Fiore, was charged with three counts of forgery and three counts of official misconduct. The jury returned verdicts of guilty on all of the forgery counts but not guilty as to all counts of official misconduct, and defendant was sentenced to 30 months' probation with four weekends in the periodic imprisonment program. She appeals contending that the jury's verdicts were legally inconsistent. We affirm.

Defendant was an employee at the Maybrook facility of the circuit court clerk's office. On the dates in question, *i.e.*, July 23, August 13, and December 9, 1982, defendant was assigned to the counter where fees associated with filing suit and making jury demands were paid. At that time the filing fee was $24 and the jury demand fee was $90. Concerning three separate cases, one filed on each of the dates in question, defendant accurately completed an original receipt, together with three copies not pertinent to this appeal, showing that fees total-

ling $114 had been paid. However, on the copy which was used to tally the day's receipts, defendant showed $24 as the amount received in each of the three cases. It was the alteration of such copies and the day sheets that accompanied the money collected at day's end which formed the basis for the forgery charges.

Prior to presenting any witnesses, the assistant State's Attorney, with the approval of defense counsel, informed the jury that evidence of two types would be presented by way of stipulation; one type would describe the testimony which would be given by certain witnesses if called to testify and the other type would present particular facts which the parties agree are true. One of the stipulations subsequently presented indicated that if defendant's superior were called to testify, he would testify that defendant was an employee of the clerk's office and she was at work as a clerk on each of the dates in question.

"A public officer or employee commits misconduct when, in his official capacity, he *** knowingly performs an act which he knows he is forbidden by law to perform." (Ill. Rev. Stat. 1981, ch. 38, par. 33—3(b).) In this case the act forbidden by law was forgery. "A person commits forgery when, with intent to defraud, he knowingly *** makes or alters any documents apparently capable of defrauding another in such manner that it purports to have been made by another or at another time or with different provisions." Ill. Rev. Stat. 1981, ch. 38, par. 17—3(a)(1).

Defendant contends that the jury's verdicts finding her guilty of forgery but not guilty of official misconduct are legally inconsistent. We disagree. Generally, there is no inconsistency in verdicts of acquittal and conviction upon charges of crimes composed of different elements although arising out of the same set of facts. (*People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840.) However, in the event that commission of one crime is necessary to prove the commission of another crime, close scrutiny is required to ascertain whether inconsistent verdicts are legally or only logically inconsistent. Where one element of an offense (*i.e.*, a dependent offense) requires proof that defendant has committed another offense (*i.e.*, a predicate offense), a jury's verdicts of acquittal of the predicate offense but conviction of the dependent offense are legally inconsistent verdicts, and reversal of the conviction of the dependent offense is required pursuant to principles of collateral estoppel although both offenses were prosecuted in the same proceeding. (*People v. Frias* (1983), 99 Ill. 2d 193, 457 N.E.2d 1233; *People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840.) If the offenses could have been properly tried separately, the judgment of acquittal of the predicate offense would unquestiona-

bly bar the relitigation of the dependent offense because guilt of the predicate offense would have to be established contrary to the verdict of acquittal, and the supreme court found no justification for reaching a different result where the offenses were tried in a single proceeding. (*People v. Frias*, 99 Ill. 2d at 202-04.) On the other hand, a jury's verdicts of not guilty as to the dependent offense and guilty as to the predicate offense are only logically inconsistent, do not raise collateral estoppel issues, and accordingly do not require reversal of defendant's conviction of the predicate offense. (*People v. Barnard* (1984), 104 Ill. 2d 218, 470 N.E.2d 1005.) Furthermore, where verdicts are merely logically inconsistent, the jury's historic power of lenity may be recognized. (*People v. Barnard*, 104 Ill. 2d 218, 470 N.E.2d 1005; *People v. Rollins* (1985), 140 Ill. App. 3d 235, 485 N.E.2d 1307; *People v. Buford* (1982), 110 Ill. App. 3d 46, 441 N.E.2d 1235.) Inasmuch as defendant in the case at bar was convicted of the predicate offense and acquitted of the dependent offense, the verdicts are not legally inconsistent.

However, relying on the analysis in *People v. Pearson* (1973), 16 Ill. App. 3d 543, 306 N.E.2d 539, defendant, nonetheless, argues that when the evidence adduced at trial, here the stipulation that defendant was on duty at the time the copies must have been altered, is considered, the elements of forgery and official misconduct are identical, and the jury's verdicts are legally inconsistent. In *People v. Pearson*, the victims, two police officers, approached defendant's home as defendant was observed through a window coming to the door armed with a gun. The crimes charged were armed violence (the commission of aggravated assault while armed with a dangerous weapon) and aggravated assault (unlawfully placing another in reasonable apprehension of bodily harm by use of a deadly weapon). Defendant was convicted only of aggravated assault. The *Pearson* court viewed the elements of the two offenses as identical under the circumstances because defendant's possession of a dangerous weapon, the gun, was the gist of both offenses and held that the verdicts of guilty and not guilty were legally inconsistent. 16 Ill. App. 3d at 548.

Subsequently, however, the result in *People v. Pearson* was questioned in *People v. Rollins* in light of the more recent cases of *People v. Barnard*, 104 Ill. 2d 218, 470 N.E.2d 1005, *People v. Sims* (1984), 124 Ill. App. 3d 739, 464 N.E.2d 1252, and *People v. Murray* (1975), 34 Ill. App. 3d 521, 340 N.E.2d 186. The *Rollins* court opined that had the supreme court's decision in *People v. Barnard* been available to the *Pearson* court, the verdicts there would have been viewed as logically rather than legally inconsistent. (*People v. Rollins*,

140 Ill. App. 3d at 241.) We agree with this analysis. A dependent offense cannot be proved without proof of the predicate offense, *i.e.*, one of its elements, but the reverse is not true even where the other elements of the dependent offense may not be seriously doubted. For example, in *People v. Hairston*, where defendant was found guilty of solicitation to commit murder but not guilty of murder as a principal, the supreme court noted that proof of defendant's request or command that murder be committed coupled with the requisite intent was all that was necessary to prove solicitation and that the additional fact required to support a conviction of murder, as a principal, was that the solicited murder had in fact been committed. (*People v. Hairston*, 46 Ill. 2d at 359.) There, the murder of the victim could not seriously be questioned. Nonetheless the offenses were viewed as separate crimes with different elements arising from the same act, and defendant's conviction of the predicate offense was upheld. 46 Ill. 2d at 362.

Furthermore, even if the *Pearson* analysis had been applied here, we cannot agree with defendant that a stipulation that she was on duty as an employee of the clerk's office on the dates in question coupled with her failure to deny such employment demonstrates that the only element of official misconduct at issue was whether she knowingly committed forgery with knowledge that it was illegal. (See *People v. Simms* (1982), 108 Ill. App. 3d 648, 439 N.E.2d 518.) In *People v. Simms* a jury instruction, which stated that defendant was a public employee, did not foreclose the jury's determination of the pertinent issue of whether the acts constituting the crime were performed by defendant in his official capacity. (108 Ill. App. 3d at 652.) Accordingly, we do not view the stipulation here as conclusively deciding such issue. The offenses charged, in this case, were comprised of different elements based on the same set of facts, and defendant was found guilty of the predicate offense. Whether the jury believed that the evidence presented at trial failed to prove the remaining elements of the dependent offense, official misconduct, beyond a reasonable doubt or exercised lenity viewing the conviction of three counts of forgery as punishment enough need not be decided here. It is sufficient that the verdicts are not legally inconsistent.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

HARTMAN, P.J., and STAMOS, J., concur.