SECOND DIVISION
June 12, 2007

No. 1-05-2602

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Cook County. |
| | ) | |
| | ) | |
| PIOTR GORKA, | ) | Honorable |
| | ) | Joseph M. Claps, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE SOUTH delivered the opinion of the court:

Defendant Piotr Gorka appeals his convictions for aggravated fleeing or attempting to elude a police officer which caused bodily injury to a Chicago police officer and property damage in excess of $300. He was convicted following a jury trial and sentenced to concurrent prison terms of 18 months.

The record reveals that on September 25, 1999, Chicago police officers who were driving an unmarked patrol vehicle attempted to curb defendant's vehicle in the vicinity of 5122 South Archer Avenue after receiving a complaint from two individuals that a person in a dark-colored vehicle pointed a gun at them. The officers gave chase and turned on their siren and flashing headlights, but defendant, who was driving a black car, failed to stop and continued driving at a speed which exceeded the posted speed limit. Subsequently, a marked squad car, which was being driven by uniformed officers, joined in the pursuit with its siren and oscillating Mars lights activated. The chase covered a 40-block mix of main and residential streets and alleys. As the chase approached 51st Street

and Kedzie Avenue, a second marked squad car joined in the pursuit, also with its siren and Mars lights activated, but defendant did not stop. At the intersection of 47th Place and Kedzie Avenue, defendant slammed on the brakes in order to make a turn, and one of the marked squad cars hit his vehicle, subsequently hitting a tree and injuring the officer who was inside that squad car. The damage to the squad car was so extensive that it was rendered inoperable and had to be towed from the scene.

Meanwhile, defendant continued driving on 47th Place as the other marked squad car followed. Eventually, defendant stopped at 47th Place and Christiana Avenue, where he and his passenger were placed under arrest. No guns were recovered from him, his passenger, or his vehicle.

At trial, defendant, who is a Polish national and resident alien, testified that he did not stop because he thought a car was following him, and when the marked squad car began following him, he feared those were the same police officers who had mistreated him during a prior altercation in 1998. Defendant admitted that he attempted to elude the police officers but denied his vehicle ever came into contact with a police car, and he never saw a police car involved in an accident.

Initially, defendant entered into a negotiated plea of guilty to four counts of aggravated fleeing and eluding a police officer in exchange for a one-year sentence with a recommendation of boot camp. The trial court entered an order to that effect on June 12, 2000. However, once he was incarcerated, defendant learned that boot camp was not an option as promised and recommended due to his immigrant status and the changes in the immigration law as of 1996. He subsequently appealed that matter to this court in case No. 1-00-3707, contending that he was not properly admonished pursuant to Supreme Court Rule 605(b) (188 Ill. 2d R. 605(b)). On February 21, 2003, we granted

defendant's motion for a summary remand for full and proper admonishments under Rule 605(b) and to give him the opportunity to file any appropriate motions within 30 days thereafter.[1] We note that the record does not contain a transcript of the proceedings from the admonishments hearing or a common law record of any motions which were filed at that time. However, inasmuch as the matter subsequently proceeded to a jury trial, we may reasonably assume that defendant successfully moved to withdraw his plea of guilty.

Defendant was charged with four counts of aggravated fleeing or attempting to elude a police officer: (1) while traveling at a speed of at least 21 miles per hour over the legal speed limit; (2) causing bodily harm to Joseph Engelhardt; (3) causing bodily harm to Mark Trost; and (4) causing property damage in excess of $300. Prior to trial, defendant filed a motion to dismiss the complaint on the grounds of double jeopardy violations, which was denied by the trial court. Subsequent to his jury trial, defendant was acquitted of counts I and III and found guilty of counts II and IV. Defendant's motion for a new trial was denied by the trial court, and he was subsequently sentenced to concurrent prison terms of 18 months, with credit given for 230 days which had been served previously. Defendant then filed a motion for judgment notwithstanding the verdict and dismissal of the complaint with prejudice, which the trial court also denied.

On appeal, defendant has raised the following issues for our review: whether (1) the trial court erred in ordering a new trial; (2) the judgments were legally inconsistent; and (3) the trial court exceeded its jurisdiction and authority and abused its discretion in imposing an 18-month "resentence" on counts II and IV.

---

[1]The mandate issued on April 8, 2003.

1-05-2602

First, defendant contends that the trial court erred in ordering a new trial where (a) in reversing his convictions, this court never ordered a new trial, and (b) he had been incarcerated for the full term, and more, of the original sentence, thereby unconstitutionally subjecting him to double jeopardy and violating the principles of fundamental fairness and justice.

The law in Illinois is well settled that following the entry of a judgment on a negotiated guilty plea, even if a defendant only wants to challenge his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the status quo. People v. Evans, 174 Ill. 2d 320, 332 (1996). A motion to reconsider a sentence alone is insufficient. People v. Waller, 317 Ill. App. 3d 390, 391 (2000).

Here, according to the record, defendant originally pled guilty in exchange for a one-year sentence with court-recommended boot camp, which the court granted. However, since his status as a resident alien prevented him from receiving boot camp, he was incarcerated instead. Defendant then filed an appeal, presumably contesting his sentence,[2] at which time he requested a summary remand because he had not been properly admonished under Rule 605(b) (188 Ill. 2d R. 605(b)). This court agreed and remanded the cause for proper admonishments and the opportunity for defendant to file an appropriate postjudgment motion. That remedy is appropriate under these types of circumstances. See People v. Crowder, 351 Ill. App. 3d 1096, 1098 (2004); People v. Taylor, 345 Ill. App. 3d 1064, 1083 (2004). At that juncture, once defendant was properly admonished, even

[2]Defendant's original appeal in case No. 1-00-3707 was remanded on defendant's motion. The record does not contain a copy of that motion, a transcript of defendant's plea hearing, or a transcript of the proceedings on remand.

4

if he only sought to challenge his sentence, he was still required to file a motion to vacate the judgment and withdraw his guilty plea since that plea was made in exchange for a specific sentence, irrespective of whether or not he was eligible for boot camp. See People v. Clark, 183 Ill. 2d 261, 268 (1998).

We further note that defendant has failed to present the report of the proceedings from the remanded admonishments hearing or the record of any motions made during that hearing, which makes it difficult, if not impossible, for us to properly evaluate his claim that the trial court erred in ordering a new trial. "It is incumbent upon the party appealing a judgment to bring up as much of the trial court record as is necessary to completely dispose of the issues presented on appeal." Glover v. Glover, 24 Ill. App. 3d 73, 76 (1974). "Where portions of the record are lacking, it will be presumed that the trial court acted properly in the entry of the challenged order and that such order is supported by that part of the record not before the reviewing court." Glover, 24 Ill. App. 3d at 76. See also Department of Revenue v. Vallee Foods, Inc., 129 Ill. App. 3d 876, 877 (1985) (such failure requires that we affirm those issues which depend upon the missing report of proceedings for their resolution). Accordingly, we shall presume that the trial court properly ordered a new trial on remand from this court.

Defendant further contends, however, that the order of a new trial unconstitutionally subjected him to double jeopardy and violated principles of fundamental fairness and justice because he had been incarcerated for the full term, and more, of his original sentence. We believe this argument is without merit.

"One of the purposes of the protection against double jeopardy is to protect an 'accused from

the unfair harassment of successive trials.' " People v. McCutcheon, 68 Ill. 2d 101, 106 (1977), quoting United States v. Goldman, 352 F.2d 263, 266 (3d Cir. 1965). The " 'double jeopardy implications reverberating from a guilty plea and a jury verdict are not identical' even though a 'guilty plea is as final as a jury verdict.' " McCutcheon, 68 Ill. 2d at 105-06, quoting Ward v. Page, 424 F.2d 491, 493 (10th Cir. 1970). "Unfair harassment occurs only if jeopardy has already attached to an offense charged." McCutcheon, 68 Ill. 2d at 106. "When a conviction is set aside for grounds other than sufficiency of the evidence, remand and a new trial are proper and are not a violation of the concept of double jeopardy." People v. Reimnitz, 97 Ill. App. 3d 946, 947 (1981).

In the case at bar, contrary to defendant's assertion, his convictions and sentences were not reversed by this court; rather, the cause was remanded to the trial court for proper admonishments under Rule 605(b). 188 Ill. 2d R. 605(b). Apparently, after receiving proper admonishments, defendant wanted his sentence reconsidered and moved to withdraw his plea of guilty, which was granted, and he was given a jury trial. (Once again, we were not provided with the record of that proceeding, so we must presume that the trial court's action is supported by the missing record.) The double jeopardy clause is not violated in this instance because defendant's conviction was not set aside due to the insufficiency of the evidence, nor does defendant make that claim. Accordingly, we find the trial court did not err in ordering a new trial.

Defendant next contends that his convictions should be reversed as being legally inconsistent because the trial court acquitted him of count I (aggravated fleeing or attempting to elude a police officer while traveling at a speed at least 21 miles per hour over the legal speed limit) when both the State and the trial court instructed the jury that it was an essential element of counts II and IV, both

6

of which he was convicted of.

A legally inconsistent verdict is defined as follows:

" 'Verdicts of guilty of crime A and not guilty of crime B, where both crimes arise out of the same set of facts, are legally inconsistent when they necessarily involve the conclusion that the same essential element or elements of each crime were found both to exist and not to exist.' " People v. O'Malley, 108 Ill. App. 3d 823, 829 (1982), quoting People v. Murray, 34 Ill. App. 3d 521, 531 (1975).

"Generally, there is no inconsistency in verdicts of acquittal and convictions upon charges of crimes composed of different elements although arising out of the same set of facts." People v. Fiore, 169 Ill. App. 3d 601, 603 (1988). "However, in the event that commission of one crime is necessary to prove the commission of another crime, close scrutiny is required to ascertain whether inconsistent verdicts are legally or only logically inconsistent." Fiore, 169 Ill. App. 3d at 603.

"Where one element of an offense ( i.e., a dependent offense) requires proof that defendant has committed another offense (i.e., a predicate offense) a jury's verdicts of acquittal of the predicate offense but conviction of the dependent offense are legally inconsistent verdicts, and reversal of the conviction of the dependent offense is required pursuant to principles of collateral estoppel although both offenses were prosecuted in the same proceeding." Fiore, 169 Ill. App. 3d at 603. "If the offenses could have been properly tried separately, the judgment of acquittal of the predicate offense would unquestionably bar the relitigation of the dependent offense because guilt of the predicate

offense would have to be established contrary to the verdict of acquittal." Fiore, 169 Ill. App. 3d at 603-04.

"On the other hand, a jury's verdicts of not guilty as to the dependent offense and guilty as to the predicate offense are only logically inconsistent, do not raise collateral estoppel issues, and accordingly do not require reversal of defendant's conviction of the predicate offense." Fiore, 169 Ill. App. 3d at 604. "Furthermore, where verdicts are merely logically inconsistent, the jury's historic power of lenity may be recognized." Fiore, 169 Ill. App. 3d at 604.

Here, defendant was charged with four counts of violating subsections (a)(1) through (a)(3), and convicted of violating subsections (a)(2) and (a)(3) of section 11-204.1 of the Illinois Vehicle Code (Code) (625 ILCS 5/11-204.1 (West 1998)), which states in pertinent part:

"(a) The offense of aggravated fleeing or attempting to elude a police officer is committed by any driver or operator of a motor vehicle who flees or attempts to elude a police officer, after being given a visual or audible signal by a police officer in the manner prescribed in subsection (a) of Section 11-204 of this Code, and such flight or attempt to elude:

(1) is at a rate of speed at least 21 miles per hour over the legal speed limit;

(2) causes bodily injury to any individual; or

(3) causes damage in excess of $300 to property."

Subsection (a) of section 11-204 of the Code, as referenced above, states in pertinent part:

"(a) *** The signal given by the peace officer may be by hand, voice, siren, red or blue light. Provided, the officer giving such signal shall be in police uniform, and, if driving a vehicle, such vehicle shall display illuminated oscillating, rotating or flashing red or blue lights which when used in conjunction with an audible horn or siren would indicate the vehicle to be an official police vehicle." 625 ILCS 5/11-204 (West 1998).

The record clearly indicates, nor does defendant dispute, that he failed to stop his vehicle after being signaled by uniformed police officers who were driving marked squad cars. The signals used by those officers were sirens and oscillating Mars lights, which is required under section 11-204. Defendant was acquitted of count I, or subsection 11-204.1(a)(1), *i.e.,* operating his vehicle at a rate of speed which was in excess of 21 miles over the speed limit, and count III, or subsection 11-204.1(a)(2), *i.e.*, causing bodily injury to an officer; but he was convicted of subsection 11-204.1(a)(2), *i.e.*, causing bodily injury to a second officer, and subsection 204.1(a)(3), *i.e.,* causing more than $300 worth of property damage. That section creates a single offense of aggravated fleeing or attempting to elude a police officer, which may be performed in a number of ways. See People v. Price, 221 Ill. 2d 182, 189 (2006). Put another way, defendant's convictions for bodily injury and property damage during the commission of the offense of aggravated fleeing or eluding a police officer did not depend on whether he was driving at a rate of speed 21 miles over the speed limit or whether a second person was injured. We, therefore, conclude the jury's verdicts were not legally inconsistent.

1-05-2602

Finally, defendant contends that the trial court exceeded its jurisdiction and authority and abused its discretion in imposing an 18-month "resentence" on counts II and IV when his previously imposed sentence was only one year, he served the entire original sentence, and the sentence was disproportionate to the conduct constituting the offense.

"Where a conviction or sentence has been set aside on *direct review* or on *collateral* attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing." (Emphasis added.) 730 ILCS 5/5-5-4 (West 2004). "The clear language of section 5-5-4 [of the Unified Code of Corrections] precludes the use of the statute in this case since defendant's motion to withdraw his guilty plea was neither a direct review nor a collateral attack." People v. Pittman, 316 Ill. App. 3d 245, 250 (2000).

Here, defendant's withdrawal of his guilty plea was allowed by the trial court, and no direct review or collateral attack occurred on his original convictions and sentences. As this court noted in People v. Adams, 169 Ill. App. 3d 312, 317 (1988), defendant's trial and subsequent conviction was the result of his own decision to withdraw his guilty plea; therefore, he could not claim the protection intended for those who attack their convictions on constitutional grounds by either direct review or collateral attack. Defendant was even admonished at his sentencing hearing that the trial court was not bound or obligated by the sentence that had been previously imposed.

We note that the supreme court recently addressed this issue in People v. Diaz, 192 Ill. 2d 211, 225 (2000), finding that when a trial court grants a motion to withdraw a guilty plea, "both

10

parties are then returned to the status quo as it existed prior to the acceptance of the plea." Clearly, returning defendant to the status quo prior to the acceptance of his guilty plea allowed the trial court to sentence him to any term permitted by the statute, including the sentence which he received. See Pittman, 316 Ill. App. 3d at 253. Therefore, we find that defendant's increased sentence following the withdrawal of his original guilty pleas and his sentence following his new trial does not violate section 5-5-4 because that section is inapplicable.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

HOFFMAN and HALL, JJ., concur.