THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLARENCE DACE, Defendant-Appellant.

Third District    No. 3—87—0633

Opinion filed June 14, 1988.

Thomas A. Lilien, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Masters, State's Attorney, of Joliet (Walter P. Hehner, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

While awaiting trial for murder, the defendant, Clarence Dace, escaped from custody. On February 10, 1986, he was charged with one count of escape. Ill. Rev. Stat. 1985, ch. 38, par. 31—6(a).

The defendant was subsequently convicted of murder on February 19, 1986. On May 15, 1986, the defendant was sentenced to a natural life term of imprisonment. At the time of the sentencing hearing, the State moved to nol-pros the escape charge due to the natural life sentence.

This court took an appeal of the murder conviction and reversed and remanded the cause for a new trial. (See *People v. Dace* (1987), 153 Ill. App. 3d 891, 506 N.E.2d 332.) Thereafter, on April 13, 1987, the trial court granted the State's motion to reinstate the escape prosecution. The defendant pled not guilty to the charge, bond was set, and a trial date scheduled. On July 2, 1987, the defendant changed his plea to guilty to the escape charge and received a five-year term of imprisonment.

The defendant's subsequent motion to withdraw the guilty plea on grounds of misrepresentation by counsel was denied.

The defendant brings this appeal asserting that his counsel failed to raise a patently meritorious speedy trial issue. The State rebuts the defendant's contention by alleging that the intrastate detainer act (Ill. Rev. Stat. 1985, ch. 38, par. 1003—8—10) controls the case. Alternatively, the State asserts that when it nol-prossed the escape charge, the statutory term was tolled.

■ Initially, we note that the intrastate detainer provision has no application to this case. The act applies only to inmates of penitentiaries who commit offenses during their term of imprisonment.

■ Turning to the speedy trial act (Ill. Rev. Stat. 1985, ch. 38, par. 103—5), it is the law that every defendant in a criminal case has a constitutional right to a speedy trial. (U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8.) The Illinois speedy trial statute requires that every person in custody in Illinois be tried within 120 days from the date he or she was taken into custody and that every person on bail or recognizance must be tried within 160 days from the date he or she demands trial. For a defendant who has more than one charge pending against him in the same county, trial on any of the charges must commence before the expiration of the statutory period for any of the charges, and all remaining charges must be tried within 160 days after the judgment is rendered in the first trial.

When charges are dismissed, the nature of the dismissal usually will determine whether the statutory period has been tolled or whether it continues to run. Both the First and Fourth Appellate Districts have held that a motion by the State to nol-pros a case will toll the statutory period for the speedy trial requirement. See *People v. Sanders* (1980), 86 Ill. App. 3d 457, 407 N.E.2d 951; *People v. Stinnett* (1988), 166 Ill. App. 3d 1027.

■ The defendant narrowly applies the proposition of law in these cases to situations where the defendant is not in custody or on bond or recognizance. However, we believe these cases serve as persuasive authority in resolving the issue at bar.

In *Sanders* the decisive fact relied upon by the court was the lack of evidence to indicate that the State attempted to evade the speedy trial act by use of the *nolle prosequi*. Citing *dicta* from the supreme court's decision in *People v. McAdrian* (1972), 52 Ill. 2d 250, 287 N.E.2d 688, the court focused on whether the State sought to evade the limitation rule and deny the defendant his constitutional right to a speedy trial.

The instant *nolle prosequi* motion specified that the State believed it would not be in the interests of justice to prosecute the escape charge since the defendant was facing a life sentence. The *nolle pro-*

*sequi-*motion was made at the sentencing hearing and as such was not a tactic to evade the speedy trial statute.

Summarily, we hold that the defendant's statutory right to a speedy trial was not violated after the charges against him were nol-prossed, and there is no evidence that the motion was undertaken to evade the statutory period.

For all the foregoing reasons the judgment of the circuit court of Will County is affirmed.

Affirmed.

HEIPLE and BARRY, JJ., concur.