Nos. 2--96--0263, 2--96--0264, 2--96--0265 cons.

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE OF           )  Appeal from the Circuit Court

ILLINOIS,                            )  of Lake County.

                                     )

     Plaintiff-Appellee,             )  Nos. 93--CF--1083

                                     )       93--CF--1213

     v.                              )       93--CF--1214

                                     )  

DONELL L. MILLER,                    )

                                     )  Honorable

     Defendant-Appellant.            )  Victoria A. Rossetti,

                                     )  Judge, Presiding.

_________________________________________________________________

     JUSTICE RATHJE delivered the opinion of the court:

     Following his indictment in three separate cases, the

defendant, Donell Miller, pleaded guilty to and was sentenced as

follows:  28 years for home invasion (case No. 93--CF--1083); 6

years for residential burglary (No. 93--CF--1213); and 9 years for

robbery (No. 93--CF--1214).  The sentences imposed were to run

consecutively.  Following the denial of his motion for

reconsideration of the above sentences, the defendant brought an

appeal in all three causes.  The causes have been consolidated for

purposes of this appeal.

     On appeal, the defendant raises the following issues:  whether

the trial court properly imposed the above sentences; whether the

defendant received the effective assistance of counsel; and whether

the trial court abused its discretion in imposing a sentence of 28

years' imprisonment for the offense of home invasion.  For the

reasons stated below, we affirm the judgment of the trial court.

     In order to fully understand the defendant's first contention

of error, we must review the procedural history of this case.  As

indicated above, the defendant was charged in three separate

indictments with a multitude of offenses.

     In case No. 93--CF--1083, the defendant was charged with home

invasion, residential burglary, robbery, aggravated criminal sexual

assault, and criminal sexual abuse.  Ultimately, the defendant

pleaded guilty and was sentenced to 15 years' imprisonment for

residential burglary, 7 years' imprisonment for attempted criminal

sexual assault, and 7 years' imprisonment for robbery, which

sentences were to run concurrently.  In case No. 93--CF--1213, the

defendant was charged with and pleaded guilty to residential

burglary and was sentenced to 12 years' imprisonment, which was to

run consecutively to the sentences imposed in case No. 93--CF--1083

for a total of 27 years' imprisonment in the Department of

Corrections.  Finally, in case No. 93--CF--1214, the defendant was

charged with home invasion, robbery, and residential burglary. 

Those charges and the remaining charges under case No.  93--CF--

1083 were nol-prossed by the State.

     The defendant's motion to reconsider sentence was denied by

the trial court, and the defendant appealed.  In a summary order,

this court found that the defendant had not been properly

admonished pursuant to Supreme Court Rule 605(b) (145 Ill. 2d R.

605(b)) and remanded the cause for the proper admonishments and to

allow the defendant to file new post-plea motions.  People v.

Miller, Nos. 2--93--1136, 2--93--1137 cons. (1995) (unpublished

order under Supreme Court Rule 23(c)).

     On remand, the defendant was granted leave to withdraw his

guilty pleas to the above offenses.  Additional proceedings took

place.  Following the commencement of the jury trial in No. 93--CF-

-1083, an agreement was reached whereby the defendant agreed to

plead guilty to home invasion in case No. 93--CF--1083, residential

burglary in case No. 93--CF--1213, and robbery in case No. 93--CF--

1214, with a sentencing cap of 50 years.  The defendant was then

admonished, and a factual basis for the pleas was placed on the

record.  A date for sentencing was then set.  

     The defendant then filed a pro se motion to withdraw his

guilty pleas.  Following a hearing at which the defendant, pro se,

presented arguments as to whether there was a conflict of interest

between the public defender who represented him and himself, the

trial court found that the defendant had received effective

representation and that the defendant knowingly and voluntarily

pleaded guilty to the charges.  The trial court then sentenced the

defendant to the following terms of imprisonment in the Department

of Corrections:  28 years for home invasion, 9 years for robbery,

and 6 years for residential burglary.  The trial court further

ordered that the sentences were to run consecutively.  The

defendant's motion for reconsideration of sentence was denied. 

This appeal followed.

     The defendant contends, first, that the 43-year total of the

consecutive sentences imposed following remand was improper because

it represented an increase over the 27-year total of the

consecutive sentences imposed originally.  He argues that this

increase is precluded by section 5--5--4 of the Unified Code of

Corrections, which states as follows:

          "Resentences.  Where a conviction or sentence has been

     set aside on direct review or on collateral attack, the court

     shall not impose a new sentence for the same offense or for a

     different offense based on the same conduct which is  more

     severe than the prior sentence less the portion of  the prior

     sentence previously satisfied unless the more severe sentence

     is based upon conduct on the part of the defendant occurring

     after the original sentencing."  730 ILCS 5/5--5--4 (West

     1992).  

     The State points out that the 9-year sentence imposed in

No. 93--CF--1214 was the first sentence imposed on the defendant in

that cause.  The State further points out that the 6-year sentence

that the defendant received in No. 93--CF--1213 after remand was 6

years less than the original sentence (12 years) for that offense. 

     In People v. Kilpatrick, 167 Ill. 2d 439 (1995), when

presented with a similar issue arising under section 5--8--1(c) of

the Unified Code of Corrections (730 ILCS 5/5--8--1(c) (West

1992)), our supreme court determined that it was the length of the

individual sentences imposed that was critical, rather than the

aggregate of those sentences.  In that cause, Kilpatrick had been

sentenced to serve consecutive terms of six and nine years'

incarceration.  His motion for reconsideration of sentence was

granted, and he was resentenced to a single term of 15 years'

imprisonment.  In finding that the trial court had contravened the

explicit dictates of section 5--8--1(c), our supreme court stated

that "[t]he circumstance that the total number of years'

imprisonment remained the same, i.e., 15 years, does not negate the

fact that defendant's sentence was increased, from either six or

nine years' incarceration to 15 years in prison."  167 Ill. 2d at

447.   Thus, in determining whether the defendant's sentence was

improperly increased, we consider the individual sentences, not the

aggregate of the sentences imposed.

     We therefore agree with the State that the merits of the

defendant's argument rest solely on his sentence of 28 years for

home invasion.  We note that, initially, although charged with home

invasion in No. 93--CF--1083, the defendant did not plead guilty to

home invasion but rather to the residential burglary charge in that

indictment.  Section 5--5--4 is also applicable where the new

sentence is imposed for a different offense based upon the same

conduct.  The State argues that residential burglary and home

invasion involve different conduct, i.e., residential burglary

requires entry into a dwelling to commit a felony (720 ILCS 5/19--

3(a) (West 1992)), while home invasion requires the additional

element of acts which threaten to cause or do cause injury to

another (720 ILCS 5/12--11(a)(2) (West 1992)).  However, the

statute refers to "conduct" not elements of the offense.  Thus, we

are of the opinion that this is exactly the situation envisioned by

the legislature when it made the statute applicable where a

defendant was convicted and sentenced for a new offense based on

the same conduct.

     The State then argues that the defendant has waived this

argument by failing to raise it at his sentencing hearing or in his

post-trial motions or by agreeing to enter a plea of guilty knowing

he could receive upwards of 50 years.  However, since the

imposition of a greater sentence upon remand in this cause might

violate the defendant's fundamental rights, we will consider the

issue to determine whether plain error was committed here.  People

v. Moncrief, 276 Ill. App. 3d 533, 535 (1995).

     In order for section 5--5--4 to apply, the defendant's

conviction or sentence must have been set aside on direct appellate

review or on collateral attack.  People v. Adams, 169 Ill. App. 3d

312, 316-17 (1988); but see People v. Pierce, 80 Ill. App. 3d 514

(1980) (defendant's sentence could not be increased even though his

conviction was vacated by the trial court pursuant to a motion for

a new trial rather than by direct appellate review or collateral

attack).

     After reviewing the decisions in both Adams, relied on by the

State here, and Pierce, relied on by the defendant here, we

conclude that the decision in Adams is the better reasoned of the

two.   We must now determine if the review by this court which

resulted in the remand of the defendant's cause for post-plea

proceedings constituted direct appellate review or collateral

attack on his conviction or sentence.  We note that neither party

has addressed this precise issue.

     Our research reveals that, in People v. McCutcheon, 68 Ill. 2d

101 (1977), McCutcheon was charged with a felony and a misdemeanor

and pursuant to an agreement pleaded guilty to the misdemeanor for

which he was sentenced to one-year's imprisonment.  The State nol-

prossed the felony charge.  He appealed, and the appellate court

vacated the plea of guilty for noncompliance with Supreme Court

Rule 402 (50 Ill. 2d R. 402) and remanded, allowing McCutcheon to

plead anew.  The State reinstated the felony count and, following

a jury trial, McCutcheon was convicted of both the felony and the

misdemeanor.  Although the issue before the supreme court was

whether double jeopardy barred McCutcheon's trial on the felony

count, the court noted that "[t]he State and [McCutcheon] agreed

that under [section 5--5--4], McCutcheon could not receive a

sentence more severe than the original sentence of one-year

imprisonment."  McCutcheon, 68 Ill. 2d at 104.  

     Although not precisely before the court, we note that the

supreme court did not disagree with the premise that McCutcheon

could not receive a greater sentence where the appellate court

vacated his guilty plea and remanded for him to plead anew. 

However, in the cause before us, this court did not vacate the

defendant's guilty plea.  Rather, we remanded the cause for proper

admonishments and new post-plea motions.  It was in the trial court

that the defendant's motion to withdraw his guilty plea was

granted.  We note, as did the court in Adams, that the council

commentary to section 5--5--4 "[l]imits the use of increased

sentences where an original conviction or sentence has been

overturned by a higher court." (Emphasis added.)  730 ILCS Ann.

5/5--5--4, Council Commentary, at 546 (Smith-Hurd 1992).

     Since in this case the defendant's guilty plea was vacated by

the trial court, his conviction was not overturned by a higher

court as required in order for section 5--5--4 to apply. 

Therefore, the trial court did not violate section 5--5--4 in

imposing a 28-year sentence for home invasion.

     Next, the defendant contends that it was improper for the

robbery charge in case No. 93--CF--1214 to be reinstated following

remand, since the State had nol-prossed that charge at the time of

the defendant's original plea of guilty.  The defendant asserts

that the failure to challenge the reinstatement of that charge on

speedy trial grounds constitutes the ineffective assistance of

counsel.  See 725 ILCS 5/103--5(e) (West 1992).

     The defendant overlooks the fact that a motion by the State to

nol-pros a case will toll the statutory period for the speedy trial

requirements.  People v. Dace, 171 Ill. App. 3d 271, 273 (1988). 

In Dace, Dace was convicted and sentenced to life imprisonment for

murder.  At the time of sentencing, the State nol-prossed an escape

charge.  Dace's conviction was reversed on appeal and a new trial

ordered.  Thereafter, the trial court granted the State's motion to

reinstate the escape charge.  Subsequently, Dace entered a plea of

guilty to escape and received a five-year sentence.  His motion to

withdraw his plea was denied, and he appealed alleging that he

received ineffective assistance of counsel where defense counsel

failed to challenge the reinstatement of the escape charge on the

basis of a speedy trial violation.

     As stated above, the reviewing court held that the State's

nolle prosequi of the escape charge tolled the speedy trial

statute.  Moreover, in both the present cause and in Dace, the

nolle prosequi motion was made at the sentencing hearing and, as

such, would not be a tactic to evade the speedy trial statute. 

Dace, 171 Ill. App. 3d at 273-74.

     Therefore, since the reinstatement of the robbery charge in

case No. 93--CF--1214 did not violate the defendant's right to a

speedy trial, the defendant's allegation that he received

ineffective assistance of counsel is without merit.

     Finally, the defendant contends that the trial court abused

its discretion in sentencing him to 28 years' imprisonment for the

offense of home invasion, as neither the seriousness of the offense

nor the aggravating factors supported the imposition of such a

lengthy term of imprisonment while the mitigating factors supported

a lesser term.  He further contends that the trial court ignored

the rehabilitation factor in imposing the above sentence.

     Contrary to the defendant's arguments, the trial court's

remarks at the time of sentencing indicate that it did consider the

hardships the defendant endured growing up, as well as the fact

that the defendant's object in committing the offenses was to

obtain money, not to injure anyone.  The trial court also noted

that the defendant had acknowledged that his actions were wrong and

had expressed remorse for them.  

     However, in aggravation, the trial court considered the

defendant's prior record as a juvenile.  The presentencing report

reflects that between the ages of 13 and 17 the defendant was

adjudicated a delinquent for the offenses of battery, obstructing

a police officer, operating a vehicle without the owner's consent,

burglary, and armed robbery.  The defendant was placed on probation

several times.  Ultimately, he was sent to the Wisconsin Department

of Corrections and resided in juvenile facilities.  While in these

facilities, he was disciplined for a variety of offenses.  In 1990,

his sentence was extended due to his failure to participate in

treatment opportunities and his continued discipline problems.  In

January 1991, he was readjudicated after he was found responsible

for an armed robbery and resentenced to the Wisconsin Department of

Corrections until July 1992.  He continued to be a discipline

problem.  In November 1991 he was furloughed to another facility to

determine his eligibility for release.  He left the facility

without permission.  While a warrant was issued for his arrest, the

defendant was never apprehended.  

     The offenses involved in the present cause occurred over a

period from February to May 1993.  The facts of the home invasion

charge for which the defendant received the 28-year sentence

include that the defendant entered the victim's home, grabbed her

by the neck, choked, and threw her on her bed.  He told her he was

going to hurt or rape her.  The defendant then grabbed the victim's

breasts and inserted his finger in her vagina.  The defendant

demanded the victim's purse and the rings she was wearing. 

According to the victim, the defendant choked her so hard that she

felt faint.  While the defendant attempted to take a VCR, the

victim attempted to escape.  The defendant threw her down, bruising

her left hip, and he threatened to hit her with the VCR.

     A trial court's sentencing decisions are entitled to great

deference and weight.  People v. Streit, 142 Ill. 2d 13, 18-19

(1991).  A trial judge is in a much better position than an

appellate court to fashion an appropriate sentence because such a

judge can make a reasoned judgment based upon firsthand

consideration of such factors as the defendant's credibility,

demeanor, general moral character, mentality, social environment,

habits, and age.  Streit, 142 Ill. 2d at 19.  Nevertheless, where

a trial court has abused its discretion in imposing a sentence, the

sentence may be altered upon review.  Streit, 142 Ill. 2d at 19;

134 Ill. 2d R. 615(b)(4).  Yet, a reviewing court must not

substitute its judgment for that of a sentencing court because it

would have weighed the factors differently.  142 Ill. 2d at 19.

     Although the defendant had not previously been convicted as an

adult, his lengthy record as a juvenile, outlined above, supports

the trial court's implicit conclusion that the defendant's

relatively young age did not overcome his lack of rehabilitative

potential.  In the past, the defendant consistently threw away

chances to turn his life around.  The record supports the trial

court's determination that the defendant would continue to commit

these kinds of offenses.  

     The defendant argues that the trial court improperly

emphasized the harm to the victim as a separate aggravating factor

even though by making the offense of home invasion a Class X

felony, the legislature acknowledged that the same aggravating

factor was inherent in the offense.  However, in People v. Frisby,

160 Ill. App. 3d 19 (1987), the reviewing court upheld a 30-year

sentence (the maximum) for home invasion on the basis of Frisby's

violent behavior, the dangerous situation he created in committing

the offense, and the serious nature of the home invasion offense. 

In this cause, the trial court reviewed some of the facts of the

home invasion offense but did not dwell on those facts as the main

reason for imposing the lengthy sentence on the defendant.  

     The defendant further argues that the trial court's statement

that the defendant's crimes were escalating was incorrect.  The

trial court commented during sentencing that between March and May

of 1993 the defendant's crimes increased in their seriousness.  The

evidence established that initially the defendant's crimes were

committed when no one was at home, while two out of his last three

offenses occurred while the victims were at home and involved

harmful contact with the victims.  Therefore, the trial court's

remarks were not incorrect.

     The defendant also argues that his history of drug use; that

he has some employment history; that he has two children by his

girlfriend; and that he pleaded guilty should all mitigate in his

favor.  However, even assuming the trial court overlooked these

factors, the circumstances of the offense and the defendant's

previous record were sufficient to overcome all of the factors in

mitigation on which the defendant relies.  We therefore conclude

that the trial court did not abuse its discretion in imposing a 28-

year sentence for the offense of home invasion on the defendant in

this cause.

     The judgment of the circuit court of Lake County is affirmed.

     Affirmed.

     GEIGER, P.J., and THOMAS, J., concur.