(No. 40762.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
BILLY THOMAS BAZE, Appellant.

*Opinion filed November 26, 1969.*

Phillip D. Moore, of Jerseyville, for appellant.

William G. Clark, Attorney General, of Springfield, and Claude J. Davis, Special State's Attorney, of Jerseyville, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. Chief Justice Underwood delivered the opinion of the court:

This is an appeal by defendant, Billy Thomas Baze, from the denial of his post-conviction petition by the circuit court of Jersey County after a hearing. The salient issue among the grounds urged for reversal is whether the increased sentence imposed upon defendant on retrial of the same crime violates his constitutional rights.

The sequence of events as related by defendant and uncontested by the State is that defendant was indicted for burglary (Ill. Rev. Stat. 1963, ch. 38, par. 19—1,) on September 23, 1963. He pleaded guilty on November 4, 1963, and was sentenced to the Illinois State Penitentiary for a term of not less than two nor more than ten years, of which he served one year. A post-conviction petition apparently was filed in the trial court under the Post-Convic-

tion Hearing Act. (Ill. Rev. Stat. 1961, ch. 38, pars. 826-832; Ill. Rev. Stat. 1963, ch. 38, pars. 122—1-122—7.) The court in that proceeding held, in November of 1964, that defendant was denied constitutional rights at his arraignment, and was therefore entitled to a new trial. Thereafter, in March, 1965, the court allowed defendant's motion to quash the indictment on the ground that it lacked specificity respecting the time and place of the burglary under the ruling in *People* v. *Blanchett*, 55 Ill. App. 2d 141. Defendant was immediately reindicted for the same offense with greater specificity. The cause was tried on May 10, 1965, and evidence was heard in aggravation, but not in mitigation of the sentence, after which defendant was sentenced to not less than six nor more than fifteen years, with credit for time served under the initial sentencing. No direct appeal was filed. On January 19, 1967, defendant filed a *pro se* petition under the Post-Conviction Hearing Act. After a hearing thereon the court found no violation of defendant's constitutional rights in the second trial and denied his petition. From that decision defendant has appealed to this court.

Defendant contends first that since he served a year of his sentence for the same crime, reindicting him for that offense placed him in double jeopardy. We find no merit in this argument. Dismissal of the original indictment of September 23, 1963, at defendant's behest, for technical insufficiency under the *Blanchett* case (55 Ill. App. 2d 141), is not tantamount to an acquittal; nor is a retrial at defendant's behest double jeopardy. Nor do we find *People* v. *Miller*, 55 Ill. App. 2d 146, reversed 35 Ill.2d 62, cited by defendant, authority for his position. There the State nolle prossed the indictment, where here defendant was the moving party. Furthermore, the court there ultimately held that it was error to bar the subsequent prosecution.

The pivotal issue in this case is whether the increased penalty imposed after retrial constituted double jeopardy

or violated any constitutional right. That issue has recently been adjudicated by the United States Supreme Court in *North Carolina* v. *Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072. We are cognizant that prior thereto both State and Federal courts differed on this legal question. (12 A.L.R. 3d 978-986; 61 A.L.R. 2d 1141-1216.) The majority of State courts held it was permissible to impose upon a defendant at a new trial of the same crime a more severe punishment than was imposed upon him at his earlier conviction. These cases reasoned that defendant, in obtaining a new trial after conviction, assumed the risk of a more severe sentence in a second trial. (*Stroud* v. *United States* (1919), 251 U.S. 15, 64 L. Ed. 103, 40 S. Ct. 50; *Hobbs* v. *State*, 231 Md. 533, 191 A.2d 238, *cert.* den. 375 U.S. 914; *Hicks* v. *Commonwealth*, 345 Mass. 89, 185 N.E.2d 739, *cert.* den. 374 U.S. 839; *State* v. *Paige*, 272 N.C. 417, 158 S.E.2d 522; see cases cited 12 A.L.R.3d at 981.) State courts adopting a contrary view concluded that to permit a more severe punishment upon the second conviction would constitute double jeopardy, (*Sneed* v. *State*, 159 Ark. 65, 255 S.W. 895; *Rush* v. *State*, 239 Ark. 878, 395 S.W.2d 3; *People* v. *Henderson*, 35 Cal. Reptr. 77, 386 P.2d 677,) or offend the procedural policy against imposing an unjust burden on defendant's right to appeal. *People* v. *Henderson*, 386 P.2d at 686; *State* v. *Wolf*, 46 N.J. 301, 216 A.2d 586; *State* v. *Turner*, 247 Ore. 301, 429 P.2d 565; *State* v. *Leonard*, 39 Wis.2d 461, 159 N.W.2d 577.

Among the Federal courts the first and fourth circuits held the increased sentence after a retrial unconstitutional (*Marano* v. *United States* (1st cir., 1967), 374 F.2d 583; *Patton* v. *North Carolina* (4th cir. 1967), 381 F.2d 636), whereas the third, sixth and seventh circuits held such increased sentence violated no constitutional rights. (*United States ex rel. Starner* v. *Russell* (3d cir., 1967), 378 F.2d 808; *Robinson* v. *United States* (6th cir. 1944), 144 F.2d 392; *United States* v. *White* (7th cir. 1967), 382 F.2d 445.)

Those conflicting decisions sparked spirited discussion in legal literature (Van Alstyne, In Gideon's Wake: Harsher Penalties and the "Successful" Criminal Appellant, 74 Yale L.J. 606), and prompted the recommendation prohibiting more severe resentences in section 3.8 of the American Bar Association Project on Minimum Standards for Criminal Justice.

As resolved in the majority opinion of the United States Supreme Court in the *Pearce* case (89 S. Ct. 2072), the increased sentence on retrial does not offend the constitutional guarantee against double jeopardy where the original conviction is set aside at defendant's behest, and credit is given for time served. However, the majority opinion held further that where the conviction was set aside because of constitutional error, any imposition of a heavier sentence on retrial, to penalize a convicted person who chose to exercise his constitutional rights, would violate constitutional due process. The court required that the judge's reasons for imposing the heavier sentence appear in the record and be based upon objective information concerning identifiable conduct of defendant occurring *after* the time of the original sentencing. The court explained that these requirements would insure that the constitutional legitimacy of the increased sentence could be fully reviewed on appeal.

Applying the *Pearce* rule to this case it would appear that evidence of defendant's prior convictions prompted the court, on retrial, to increase the sentence. That evidence was known at the time of the original sentencing, since the court docket recites that on defendant's original sentence evidence was heard in regard to aggravation and mitigation. However, regardless of whether such convictions were initially known, or whether they came to light on retrial when the court heard only evidence in aggravation, those convictions involved conduct of defendant occurring *prior* to the original sentencing. Such conduct could not be the basis for imposing a heavier sentence on retrial under the *Pearce* rule.

In the absence of an affirmative showing of identifiable conduct on the part of defendant occurring *after* the original sentencing, on which the increased sentence was based, the imposition of the heavier sentence on retrial here violated the constitutional right to due process of law.

We find no authority, however, to support defendant's further contention that the increased sentence also violated the constitutional prohibition against cruel and unusual punishment.

Defendant asserts further that because he was not represented by counsel at the time of, or shortly after, his arrest in September, 1963, there was a violation of his constitutional rights as promulgated in the *Escobedo* and *Miranda* cases. (*Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758; *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602.) The rules relating to counsel set forth in those cases apply to cases commenced after those decisions became final, (*Johnson* v. *New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772,) which was June 22, 1964, in the *Escobedo* case, and June 13, 1966, in the *Miranda* case. Obviously the guidelines set out in *Miranda* were applicable neither to defendant's original trial nor to his retrial in May, 1965. As for the *Escobedo* rule, we have held, in construing the *Johnson* case, that decisions having only prospective operation do not apply to retrials of pending cases, unless expressly included. (*People* v. *Worley,* 37 Ill.2d 439, 447.) Defendant's original trial preceded *Escobedo,* therefore the rule respecting the right to counsel promulgated in that case is inapplicable. Moreover, even if the *Escobedo* rule applied, it would not support defendant's contention that he was denied constitutional rights. The facts here do not bring defendant within the scope of the *Escobedo* rule, since there is no evidence that defendant made any request for, or was denied counsel, as in *Escobedo,* when he made the alleged inculpatory statement at the time of his arrest.

Nor do we find merit in defendant's contention that the admission of the testimony of the deputy sheriff relating to defendant's conviction and serving time for the same crime deprived defendant of due process. Improper admission of evidence, particularly when introduced by counsel of defendant's choice, in no way constitutes a denial of constitutional rights. (*People* v. *Cox*, 34 Ill.2d 66, 68.) Nor did the introduction of such evidence by defendant's counsel constitute such incompetency as would deprive defendant of his constitutional right to counsel. *People* v. *Ashley*, 34 Ill.2d 402, 411; *Davies* v. *People*, 10 Ill.2d 11, 15; *People* v. *Morris*, 3 Ill.2d 437, 444, 449.

Defendant argues further that the failure to have his conviction reviewed on direct appeal because his attorney did not file the record in the appellate court as required by court rules, denied him constitutional rights. The right of appeal in a criminal case is not *per se* of constitutional dimensions. (*Douglas* v. *California*, 372 U.S. 353, 365, 9 L. Ed. 2d 811, 83 S. Ct. 814; *People* v. *Brown*, 39 Ill.2d 307, 311.) Recent decisions of the United States Supreme Court, however, reflect the court's concern with providing any defendant who so desires one full appellate review of his conviction; and this court has held that exceptional circumstances may warrant inquiry into whether defendant was improperly denied a right to appeal. (*People* v. *Brown*, 39 Ill.2d at 311.) Here the record is silent as to any reason for the failure of defendant's counsel to prosecute the appeal in accordance with the rules of the appellate court. Unlike the *Brown* case, there is no showing of special circumstances surrounding defendant's representation at the appellate level. It is not the province of the court to modify its rules to permit an appeal whenever defendant so desires. Therefore we find no constitutional deprivation in the failure of counsel of defendant's choice to appeal the case. *People* v. *Kamsler*, 39 Ill.2d 73, 75.

Defendant contends in his supplemental brief that he

was not proved guilty beyond a reasonable doubt. It is settled law that the purport of a post-conviction proceeding is not to readjudicate the guilt or innocence of a defendant, but rather to determine whether there has been a denial of his constitutional rights which has not already been adjudicated. (*People* v. *Ashley,* 34 Ill.2d 402, 410, and cases cited.) It is therefore not within our province in reviewing a post-conviction hearing to reweigh the evidence as defendant argues.

Under our analysis of this case there was no denial of constitutional rights other than the imposition of an increased sentence upon retrial, which, under the circumstances here, constituted a denial of due process. That sentence is therefore vacated and the cause remanded solely for resentencing in a manner consistent with this opinion (*State* v. *Leonard,* 39 Wis.2d 461, 159 N.W.2d 577, 584), as authorized under the provisions of the Post-Conviction Hearing Act.

*Cause remanded with directions.*