THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID E. PIERCE, Defendant-Appellant.

First District (2nd Division)   No. 79-477

Opinion filed January 16, 1980.

Martin Tiersky, of Lincolnwood, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Myra J. Brown, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

Following a second bench trial defendant, David Pierce, was convicted of battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—3(a)(1)) and sentenced to one year probation on condition that he be incarcerated for the first 30 days. On appeal, defendant contends that his sentence was not proper because it exceeded the sentence imposed at his first trial before that judgment was vacated. He also argues that he was entitled to credit for the time he was on probation between entry of judgment thereon and its subsequent vacatur; the State concedes the correctness of this contention.

No question is raised concerning the sufficiency of the evidence, and defendant has not included in the transcript of proceedings the actual trial from which this appeal is taken.[1] However, review of the transcript of defendant's first trial shows that the incident in question involved

---

[1] The transcript includes defendant's first trial and the sentencing portion of his second trial.

defendant's shooting the fleeing victim after a dispute developed concerning accusations relating to the burglarizing of defendant's business.

The procedural background necessary for consideration of the primary issue presented arises upon the finding of guilty after defendant's first bench trial. On November 22, 1977, defendant was convicted and sentenced to one year probation. Within 30 days of entry of judgment, defendant filed a written motion requesting a new trial based on a claim that there had not been a jury waiver. On June 2, 1978, defendant's motion was granted and the cause reassigned to a different judge for trial.

On November 17, 1978, defendant waived a jury trial, and, after a second bench trial, he was again convicted. Defendant was later sentenced to a one-year term of probation with the 30-day term of incarceration as a condition thereof.

Defendant now argues that the imposition of the 30-day period of incarceration after his second trial was contrary to section 5—5—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—4) which states:

> "Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing."

Defendant maintains that this statute is applicable to him even though his first conviction was set aside upon his motion for a new trial under section 116—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, par. 116—1(b)) rather than by direct appellate review or collateral attack, since the purpose of filing a motion for a new trial is designed to alleviate other time-consuming procedures to correct errors at the trial level. Defendant further contends, and the record does not refute, that there was no showing made of any conduct by him after his first trial which could justify the imposition of a greater sentence upon retrial.

The State contends that the language of section 5—5—4 should be delimited only to imposition of new sentences required in instances where a direct appeal or collateral attack necessitate such procedure. (Ill. Ann. Stat., ch. 38, par. 1005—5—4, Council Commentary, at 363 (Smith-Hurd 1973).) Further, the State implies that defendant would not be denied due process of law if the 30-day term of incarceration was upheld because the judge at the second trial was not vindictive in imposing sentence. *Blackledge v. Perry* (1974), 417 U.S. 21, 26-27, 40 L. Ed. 2d 628, 633-34, 94 S. Ct. 2098.

■■ Section 116—1 of the Code of Criminal Procedure, which allows for a written motion for a new trial, is designed to allow the defendant to seek review of his convictions at the trial court level, thereby allowing for the correction of trial errors without necessity of an appeal to correct such errors. (*People v. Sweeny* (1978), 57 Ill. App. 3d 879, 884, 373 N.E.2d 663.) Had defendant not sought this procedure after his first trial, he could have appealed his conviction to this court. If his appeal had been successful, imposition of a greater sentence upon retrial would not have been statutorily permissible under the circumstances shown by the present record.

In construing a statute the function of the judiciary is to give effect to the language used therein, and, if the statutory language is plain, courts may not engraft other interpretations that conflict with the intent of the legislature. (*Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 363, 389 N.E.2d 151.) However, a court need not literally apply a statute, if such construction was not intended. (*People v. Beam* (1979), 74 Ill. 2d 240, 243, 384 N.E.2d 1315.) Further, where it is reasonable, a statute should be interpreted so as to avoid an unconstitutional result. *Anderson v. Schneider* (1977), 67 Ill. 2d 165, 176, 365 N.E.2d 900.

■■ Applying these principles to the present case, we believe that section 5—5—4 of the Unified Code of Corrections may be construed to include resentencing after defendant has successfully gained post-trial relief in the trial court pursuant to a statutorily authorized motion under section 116—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1977, ch. 38, par. 116—1). To hold otherwise would frustrate the legislative purpose of section 116—1 as enunciated in *People v. Sweeny*. It might also result in serious questions regarding the constitutionality of section 5—5—4 in terms of equal protection of the laws since we perceive no rational basis for subjecting a defendant to a harsher sentence because he gains correction of prejudicial trial errors pursuant to a motion for a new trial rather than by direct appeal or collateral attack. We therefore are of the opinion that the 30-day term of incarceration imposed as a condition of probation must be reversed.

Similarly, we hold that defendant must receive credit for the time that he was on probation from imposition of the original sentence until that judgment was vacated because the record does not show that upon resentencing, the trial court denied this credit to defendant. (*Cf.* Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—4(i).) As noted, the State agrees that this result is correct.

Accordingly, we affirm defendant's conviction but reverse that portion of the sentence requiring 30 days incarceration as a condition of probation. The cause is remanded to allow the trial court to correct the

length of the term of probation in conformance with the view expressed herein.

Affirmed in part, reversed in part and remanded with directions.

DOWNING and HARTMAN, JJ., concur.