THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EUGENE ADAMS, JR., Defendant-Appellant.

Fourth District   No. 4—87—0829

Opinion filed May 12, 1988.—Rehearing denied June 3, 1988.

Daniel D. Yuhas, Judith L. Libby, and Gloria A. Carroll, all of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Linda Cullom, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

The defendant Eugene Adams, Jr., was found guilty of voluntary manslaughter (Ill. Rev. Stat. 1985, ch. 38, par. 9—2(b)) after a jury trial and sentenced to 12 years' imprisonment. He previously entered a guilty plea to the same offense and was sentenced to 10 years' imprisonment but the court allowed withdrawal of his guilty plea on a post-trial motion. The defendant appeals his sentence from the circuit court of Macon County, arguing the increased sentence violated his due process rights.

On April 29, 1987, the defendant pleaded guilty to the offense of voluntary manslaughter in connection with the death of Robert Banks on January 10, 1987. The guilty plea was the result of a plea bargain

arrangement between the State and defendant in which the State withdrew four previously filed counts of murder and manslaughter and filed a single count of voluntary manslaughter in return for defendant's plea. There was no agreement as to sentence. The defendant was properly admonished, and the court accepted his plea and entered judgment.

At the sentencing hearing defendant presented a narrative of the events which led up to the death of Robert Banks in which he denied his guilt. Defendant received a sentence of 10 years' imprisonment. The court then explained defendant's right to appeal and to seek to withdraw his guilty plea. The court informed defendant withdrawal of his guilty plea would permit reinstatement of the charges which had been dropped as a result of the plea bargain arrangement.

The court later granted defendant's motion to withdraw his guilty plea. On September 29, 1987, the defendant's first trial resulted in a mistrial. At the second trial the State called several witnesses to the events that led to the death of the victim. The testimony included that of a purported eyewitness who stated he saw defendant stab the victim. Testifying on his own behalf, the defendant continued to deny any knowledge of the actual stabbing. The jury returned a verdict of guilty of voluntary manslaughter.

At the October 23, 1987, sentencing hearing no evidence was presented in aggravation or mitigation. The State argued for 14 years' imprisonment. Defense counsel argued section 5—5—4 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—4) restricted the sentence that could be imposed to 10 years. The court rejected this argument and sentenced the defendant to 12 years' imprisonment.

The defendant appeals, arguing section 5—5—4 of the Code protected him from an increased sentence at his second sentencing. He contends the trial court should not have sentenced him to more than 10 years' imprisonment.

The issue here revolves around the interpretation of section 5—5—4. As indicated in the council commentary (Ill. Ann. Stat., ch. 38, par. 1005—5—4, Council Commentary, at 450 (Smith-Hurd 1982)), this section sets out the rule adopted by the United States Supreme Court in *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, and followed by our own Illinois Supreme Court in *People v. Baze* (1969), 43 Ill. 2d 298, 253 N.E.2d 392. In *Pearce* the United States Supreme Court held the due process clause of the fourteenth amendment requires that defendants should be protected from a court's possible vindictiveness after a successful attack on a prior

conviction for the same offense. This protection, however, was not extended to all defendants after their conviction. The court was interested in protecting review of constitutional issues, not in providing a safety net for every convicted defendant who wished to have a second chance at trying his case.

> "Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge." (*Pearce*, 395 U.S. at 725, 23 L. Ed. 2d at 669, 89 S. Ct. at 2080.)

The court reasoned that in order to protect the right of defendants to meaningful avenues of legal attack on their convictions they had to be insulated from retribution in the form of increased sentences. As expressly stated in the opinion, however, this was limited to cases of appeal or collateral attack on the first conviction.

The court did not absolutely ban an increased sentence on retrial. (*Pearce*, 395 U.S. at 723, 23 L. Ed. 2d at 668, 89 S. Ct. at 2079.) A trial judge may change the original sentence "in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' " While events subsequent to the first trial may be taken into account, that does not explicitly exclude other considerations. As a protection to a defendant's rights and to ensure the court does not abuse its discretion in sentencing at a retrial, the Supreme Court required that when a heavier sentence is imposed at a new trial the reasons for an increased sentence must be affirmatively stated and the factual data on which the decision rests must appear in the record. *Pearce*, 395 U.S. at 723, 23 L. Ed. 2d at 668, 89 S. Ct. at 2079.

The Illinois Supreme Court followed *Pearce* in *Baze*. In this case the Illinois Supreme Court held an "increased sentence on retrial does not offend the constitutional guarantee against double jeopardy where the original conviction is set aside at defendant's behest, and credit is given for time served." (*Baze*, 43 Ill. 2d at 302, 253 N.E.2d at 395.) The court goes on to indicate that where the grounds for setting aside the first conviction are constitutional then the safeguard set out by the United States Supreme Court in *Pearce* must be ensured by the sentencing court. In *Baze* the court found the grounds for overturning

the verdict were constitutional in nature, the safeguards were not observed and vacated the increased sentence. The Illinois legislature in the Unified Code of Corrections sought to embody the *Pearce* and *Baze* decisions when it enacted section 5—5—4:

> "Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—4.)

The language clearly states the basis for an increased sentence must be conduct by the defendant occurring after the original sentence.

The defendant argues the statute is clear on its face and applies in his situation. He points out that although his original guilty plea was set aside on his own motion, the protection that section 5—5—4 was written to provide applies in precisely this type of case. He characterizes the increased sentence imposed as a penalty for the exercise of his right to jury trial. In support of his interpretation, defendant cites the reasoning in a First District Appellate Court case. (*People v. Pierce* (1980), 80 Ill. App. 3d 514, 400 N.E.2d 62.) In this case the court, though recognizing that a motion for a new trial under section 116—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 116—1(b)) was not a direct review or collateral attack, held such a motion performed a function similar to direct review and should come under the provisions of section 5—5—4. The defendant argues this court should follow the First District in its expansive interpretation of section 5—5—4.

In response the State has quoted the council commentary to section 5—5—4 which "[l]imits the use of increased sentences where an original conviction or sentence has been overturned by a higher court." (Ill. Ann. Stat., ch. 38, par. 1005—5—4, Council Commentary, at 450 (Smith-Hurd 1982).) The State notes in this case the defendant's sentencing has not had direct review by a higher court and argues this section cannot apply.

■ The clear language of section 5—5—4 precludes the use of the statute in this case. There has not been direct review of the original conviction or sentence and no collateral attack has been made. The First District case cited by defendant has gone beyond the language of the statute itself on the grounds of following the general policy intended by the legislature rather than the express language of the

statute. *Pierce* suggests failure to give the section this expansive reading will lead to equal protection problems since the protection provided to defendants will depend on whether they choose to appeal, to attack collaterally or to file a motion in the trial court.

■ Though section 5—5—4 provides a statutory basis for the protection of rights envisioned by the courts in *Pearce* and *Baze*, it does not purport to be an exclusive protection. The decision of the legislature to protect a certain class of defendants in some cases does not alter or abrogate the protective requirements of *Pearce* or *Baze*, and defendants would still be entitled to those protections even if not provided by the statute. It is a rule of statutory construction that if the language is clear it should be given effect without resort to other aids for construction. (*People v. Robinson* (1982), 89 Ill. 2d 469, 475, 433 N.E.2d 674, 677.) The statute on its face applies only to direct review and collateral attack and is consistent with *Pearce* and *Baze*. We decline to follow the reasoning of the First District.

■ The State also argues the heavier sentence given to defendant at his second trial is justified by information brought out at the trial itself concerning the activities of defendant at the time of the offense. The United States Supreme Court in considering its decision in *Pearce* held in *Wasman v. United States* (1984), 468 U.S. 559, 82 L. Ed. 2d 424, 104 S. Ct. 3217, that such information could be considered in imposing a heavier sentence but reiterated the requirement the conduct or events which justified the increased sentence had to be affirmatively identified. The State has been able to point out a number of instances which came to light at the trial and appear in the record to support the increased sentence. The trial court, however, did not state its reasons for the increase.

Since, however, the Illinois Supreme Court in *Baze* has specifically excluded cases of retrial at the behest of the defendant from the classification of cases which required the heightened protection which is required by *Pearce*, those protections and the protections provided by section 5—5—4 are not applicable to this defendant. The defendant's second trial and later conviction were the result of his own decision to withdraw his guilty plea in the original proceeding. He cannot claim the protection intended for those who attack their convictions on constitutional grounds by either direct review or collateral attack.

Affirmed.

GREEN, P.J., and LUND, J., concur.