THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONELL L. MILLER, Defendant-Appellant.

Second District   Nos. 2—96—0263 through 2—96—0265 cons.

Opinion filed February 7, 1997.

Robert P. Ritacca, of Ritacca & Potkonjak, of Waukegan, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers, John X. Breslin, and J. Paul Hoffmann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RATHJE delivered the opinion of the court:

Following his indictment in three separate cases, the defendant, Donell Miller, pleaded guilty to and was sentenced as follows: 28 years for home invasion (case No. 93—CF—1083); 6 years for residential burglary (No. 93—CF—1213); and 9 years for robbery (No. 93—CF—1214). The sentences imposed were to run consecutively. Following the denial of his motion for reconsideration of the above sentences, the defendant brought an appeal in all three causes. The causes have been consolidated for purposes of this appeal.

On appeal, the defendant raises the following issues: whether the trial court properly imposed the above sentences; whether the defendant received the effective assistance of counsel; and whether the trial court abused its discretion in imposing a sentence of 28 years' imprisonment for the offense of home invasion. For the reasons stated below, we affirm the judgment of the trial court.

In order to fully understand the defendant's first contention of

error, we must review the procedural history of this case. As indicated above, the defendant was charged in three separate indictments with a multitude of offenses.

In case No. 93—CF—1083, the defendant was charged with home invasion, residential burglary, robbery, aggravated criminal sexual assault, and criminal sexual abuse. Ultimately, the defendant pleaded guilty and was sentenced to 15 years' imprisonment for residential burglary, 7 years' imprisonment for attempted criminal sexual assault, and 7 years' imprisonment for robbery, which sentences were to run concurrently. In case No. 93—CF—1213, the defendant was charged with and pleaded guilty to residential burglary and was sentenced to 12 years' imprisonment, which was to run consecutively to the sentences imposed in case No. 93—CF—1083 for a total of 27 years' imprisonment in the Department of Corrections. Finally, in case No. 93—CF—1214, the defendant was charged with home invasion, robbery, and residential burglary. Those charges and the remaining charges under case No. 93—CF—1083 were nol-prossed by the State.

The defendant's motion to reconsider sentence was denied by the trial court, and the defendant appealed. In a summary order, this court found that the defendant had not been properly admonished pursuant to Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)) and remanded the cause for the proper admonishments and to allow the defendant to file new post-plea motions. *People v. Miller*, 271 Ill. App. 3d 1152 (1995) (unpublished order under Supreme Court Rule 23(c)).

On remand, the defendant was granted leave to withdraw his guilty pleas to the above offenses. Additional proceedings took place. Following the commencement of the jury trial in No. 93—CF—1083, an agreement was reached whereby the defendant agreed to plead guilty to home invasion in case No. 93—CF—1083, residential burglary in case No. 93—CF—1213, and robbery in case No. 93—CF—1214, with a sentencing cap of 50 years. The defendant was then admonished, and a factual basis for the pleas was placed on the record. A date for sentencing was then set.

The defendant then filed a *pro se* motion to withdraw his guilty pleas. Following a hearing at which the defendant, *pro se*, presented arguments as to whether there was a conflict of interest between the public defender who represented him and himself, the trial court found that the defendant had received effective representation and that the defendant knowingly and voluntarily pleaded guilty to the charges. The trial court then sentenced the defendant to the following terms of imprisonment in the Department of Corrections: 28

years for home invasion, 9 years for robbery, and 6 years for residential burglary. The trial court further ordered that the sentences were to run consecutively. The defendant's motion for reconsideration of sentence was denied. This appeal followed.

■ The defendant contends, first, that the 43-year total of the consecutive sentences imposed following remand was improper because it represented an increase over the 27-year total of the consecutive sentences imposed originally. He argues that this increase is precluded by section 5—5—4 of the Unified Code of Corrections, which states as follows:

> "Resentences. Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing." 730 ILCS 5/5—5—4 (West 1992).

The State points out that the nine-year sentence imposed in No. 93—CF—1214 was the first sentence imposed on the defendant in that cause. The State further points out that the six-year sentence that the defendant received in No. 93—CF—1213 after remand was six years less than the original sentence (12 years) for that offense.

In *People v. Kilpatrick*, 167 Ill. 2d 439 (1995), when presented with a similar issue arising under section 5—8—1(c) of the Unified Code of Corrections (730 ILCS 5/5—8—1(c) (West 1992)), our supreme court determined that it was the length of the individual sentences imposed that was critical, rather than the aggregate of those sentences. In that cause, Kilpatrick had been sentenced to serve consecutive terms of six and nine years' incarceration. His motion for reconsideration of sentence was granted, and he was resentenced to a single term of 15 years' imprisonment. In finding that the trial court had contravened the explicit dictates of section 5—8—1(c), our supreme court stated that "[t]he circumstance that the total number of years' imprisonment remained the same, *i.e.*, 15 years, does not negate the fact that defendant's sentence was increased, from either six or nine years' incarceration to 15 years in prison." 167 Ill. 2d at 447. Thus, in determining whether the defendant's sentence was improperly increased, we consider the individual sentences, not the aggregate of the sentences imposed.

■ We therefore agree with the State that the merits of the defendant's argument rest solely on his sentence of 28 years for home invasion. We note that, initially, although charged with home

invasion in No. 93—CF—1083, the defendant did not plead guilty to home invasion but rather to the residential burglary charge in that indictment. Section 5—5—4 is also applicable where the new sentence is imposed for a different offense based upon the same conduct. The State argues that residential burglary and home invasion involve different conduct, *i.e.*, residential burglary requires entry into a dwelling to commit a felony (720 ILCS 5/19—3(a) (West 1992)), while home invasion requires the additional element of acts which threaten to cause or do cause injury to another (720 ILCS 5/12—11(a)(2) (West 1992)). However, the statute refers to "conduct" not elements of the offense. Thus, we are of the opinion that this is exactly the situation envisioned by the legislature when it made the statute applicable where a defendant was convicted and sentenced for a new offense based on the same conduct.

The State then argues that the defendant has waived this argument by failing to raise it at his sentencing hearing or in his post-trial motions or by agreeing to enter a plea of guilty knowing he could receive upwards of 50 years. However, since the imposition of a greater sentence upon remand in this cause might violate the defendant's fundamental rights, we will consider the issue to determine whether plain error was committed here. *People v. Moncrief*, 276 Ill. App. 3d 533, 535 (1995).

In order for section 5—5—4 to apply, the defendant's conviction or sentence must have been set aside on direct appellate review or on collateral attack. *People v. Adams*, 169 Ill. App. 3d 312, 316-17 (1988); but see *People v. Pierce*, 80 Ill. App. 3d 514 (1980) (defendant's sentence could not be increased even though his conviction was vacated by the trial court pursuant to a motion for a new trial rather than by direct appellate review or collateral attack).

After reviewing the decisions in both *Adams*, relied on by the State here, and *Pierce*, relied on by the defendant here, we conclude that the decision in *Adams* is the better reasoned of the two. We must now determine if the review by this court which resulted in the remand of the defendant's cause for post-plea proceedings constituted direct appellate review or collateral attack on his conviction or sentence. We note that neither party has addressed this precise issue.

Our research reveals that, in *People v. McCutcheon*, 68 Ill. 2d 101 (1977), McCutcheon was charged with a felony and a misdemeanor, and pursuant to an agreement pleaded guilty to the misdemeanor, for which he was sentenced to one year's imprisonment. The State nol-prossed the felony charge. He appealed, and the appellate court vacated the plea of guilty for noncompliance with Supreme Court Rule 402 (50 Ill. 2d R. 402) and remanded, allowing McCutcheon to

plead anew. The State reinstated the felony count and, following a jury trial, McCutcheon was convicted of both the felony and the misdemeanor. Although the issue before the supreme court was whether double jeopardy barred McCutcheon's trial on the felony count, the court noted that "[t]he State and [McCutcheon] agreed that under [section 5—5—4], McCutcheon could not receive a sentence more severe than the original sentence of one-year imprisonment." *McCutcheon*, 68 Ill. 2d at 104.

Although not precisely before the court, we note that the supreme court did not disagree with the premise that McCutcheon could not receive a greater sentence where the appellate court vacated his guilty plea and remanded for him to plead anew. However, in the cause before us, this court did not vacate the defendant's guilty plea. Rather, we remanded the cause for proper admonishments and new post-plea motions. It was in the trial court that the defendant's motion to withdraw his guilty plea was granted. We note, as did the court in *Adams*, that the council commentary to section 5—5—4 "[l]imits the use of increased sentences where an original conviction or sentence has been *overturned by a higher court.*" (Emphasis added.) 730 ILCS Ann. 5/5—5—4, Council Commentary, at 546 (Smith-Hurd 1992).

Since in this case the defendant's guilty plea was vacated by the trial court, his conviction was not overturned by a higher court as required in order for section 5—5—4 to apply. Therefore, the trial court did not violate section 5—5—4 in imposing a 28-year sentence for home invasion.

■ Next, the defendant contends that it was improper for the robbery charge in case No. 93—CF—1214 to be reinstated following remand, since the State had nol-prossed that charge at the time of the defendant's original plea of guilty. The defendant asserts that the failure to challenge the reinstatement of that charge on speedy trial grounds constitutes the ineffective assistance of counsel. See 725 ILCS 5/103—5(e) (West 1992).

The defendant overlooks the fact that a motion by the State to nol-pros a case will toll the statutory period for the speedy trial requirements. *People v. Dace*, 171 Ill. App. 3d 271, 273 (1988). In *Dace*, Dace was convicted and sentenced to life imprisonment for murder. At the time of sentencing, the State nol-prossed an escape charge. Dace's conviction was reversed on appeal and a new trial ordered. Thereafter, the trial court granted the State's motion to reinstate the escape charge. Subsequently, Dace entered a plea of guilty to escape and received a five-year sentence. His motion to withdraw his plea was denied, and he appealed, alleging that he received inef-

fective assistance of counsel where defense counsel failed to challenge the reinstatement of the escape charge on the basis of a speedy trial violation.

As stated above, the reviewing court held that the State's *nolle prosequi* of the escape charge tolled the speedy trial statute. Moreover, in both the present cause and in *Dace*, the *nolle prosequi* motion was made at the sentencing hearing and, as such, would not be a tactic to evade the speedy trial statute. *Dace*, 171 Ill. App. 3d at 273-74.

Therefore, since the reinstatement of the robbery charge in case No. 93—CF—1214 did not violate the defendant's right to a speedy trial, the defendant's allegation that he received ineffective assistance of counsel is without merit.

■ Finally, the defendant contends that the trial court abused its discretion in sentencing him to 28 years' imprisonment for the offense of home invasion, as neither the seriousness of the offense nor the aggravating factors supported the imposition of such a lengthy term of imprisonment while the mitigating factors supported a lesser term. He further contends that the trial court ignored the rehabilitation factor in imposing the above sentence.

Contrary to the defendant's arguments, the trial court's remarks at the time of sentencing indicate that it did consider the hardships the defendant endured growing up, as well as the fact that the defendant's object in committing the offenses was to obtain money, not to injure anyone. The trial court also noted that the defendant had acknowledged that his actions were wrong and had expressed remorse for them.

However, in aggravation, the trial court considered the defendant's prior record as a juvenile. The presentencing report reflects that between the ages of 13 and 17 the defendant was adjudicated a delinquent for the offenses of battery, obstructing a police officer, operating a vehicle without the owner's consent, burglary, and armed robbery. The defendant was placed on probation several times. Ultimately, he was sent to the Wisconsin Department of Corrections and resided in juvenile facilities. While in these facilities, he was disciplined for a variety of offenses. In 1990, his sentence was extended due to his failure to participate in treatment opportunities and his continued discipline problems. In January 1991, he was re-adjudicated after he was found responsible for an armed robbery and resentenced to the Wisconsin Department of Corrections until July 1992. He continued to be a discipline problem. In November 1991 he was furloughed to another facility to determine his eligibility for release. He left the facility without permission. While a warrant was issued for his arrest, the defendant was never apprehended.

The offenses involved in the present cause occurred over a period from February to May 1993. The facts of the home invasion charge for which the defendant received the 28-year sentence include that the defendant entered the victim's home, grabbed her by the neck, choked her, and threw her on her bed. He told her he was going to hurt or rape her. The defendant then grabbed the victim's breasts and inserted his finger in her vagina. The defendant demanded the victim's purse and the rings she was wearing. According to the victim, the defendant choked her so hard that she felt faint. While the defendant attempted to take a VCR, the victim attempted to escape. The defendant threw her down, bruising her left hip, and he threatened to hit her with the VCR.

A trial court's sentencing decisions are entitled to great deference and weight. *People v. Streit*, 142 Ill. 2d 13, 18-19 (1991). A trial judge is in a much better position than an appellate court to fashion an appropriate sentence because such a judge can make a reasoned judgment based upon firsthand consideration of such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *Streit*, 142 Ill. 2d at 19. Nevertheless, where a trial court has abused its discretion in imposing a sentence, the sentence may be altered upon review. *Streit*, 142 Ill. 2d at 19; 134 Ill. 2d R. 615(b)(4). Yet, a reviewing court must not substitute its judgment for that of a sentencing court because it would have weighed the factors differently. *Streit*, 142 Ill. 2d at 19.

Although the defendant had not previously been convicted as an adult, his lengthy record as a juvenile, outlined above, supports the trial court's implicit conclusion that the defendant's relatively young age did not overcome his lack of rehabilitative potential. In the past, the defendant consistently threw away chances to turn his life around. The record supports the trial court's determination that the defendant would continue to commit these kinds of offenses.

The defendant argues that the trial court improperly emphasized the harm to the victim as a separate aggravating factor even though, by making the offense of home invasion a Class X felony, the legislature acknowledged that the same aggravating factor was inherent in the offense. However, in *People v. Frisby*, 160 Ill. App. 3d 19 (1987), the reviewing court upheld a 30-year sentence (the maximum) for home invasion on the basis of Frisby's violent behavior, the dangerous situation he created in committing the offense, and the serious nature of the home invasion offense. In this cause, the trial court reviewed some of the facts of the home invasion offense but did not dwell on those facts as the main reason for imposing the lengthy sentence on the defendant.

The defendant further argues that the trial court's statement that the defendant's crimes were escalating was incorrect. The trial court commented during sentencing that between March and May of 1993 the defendant's crimes increased in their seriousness. The evidence established that initially the defendant's crimes were committed when no one was at home, while two out of his last three offenses occurred while the victims were at home and involved harmful contact with the victims. Therefore, the trial court's remarks were not incorrect.

The defendant also argues that his history of drug use; that he has some employment history; that he has two children by his girlfriend; and that he pleaded guilty should all mitigate in his favor. However, even assuming the trial court overlooked these factors, the circumstances of the offense and the defendant's previous record were sufficient to overcome all of the factors in mitigation on which the defendant relies. We therefore conclude that the trial court did not abuse its discretion in imposing a 28-year sentence for the offense of home invasion on the defendant in this cause.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

GEIGER, P.J., and THOMAS, J., concur.