NO. 5-98-0747

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from the 

)  Circuit Court of

     Plaintiff-Appellee, )  Johnson County.

)

)  No. 97-CF-72

)

SHELDON PITTMAN, )  Honorable

)  Terry J. Foster,

     Defendant-Appellant. )  Judge, presiding.

________________________________________________________________________

JUSTICE HOPKINS delivered the opinion of the court:

Sheldon Pittman (defendant), appeals his sentence following the entry of his guilty plea for two counts of unlawful possession of contraband in a penal institution.  Defendant contends that his sentence on his conviction for the offense of unlawful possession of cocaine violates section 5-5-4 of the Unified Code of Corrections (the Code) (730 ILCS 5/5-5-4 (West 1996)) and that his sentence on his conviction for the offense of unlawful possession of cannabis is improper under the supreme court's ruling in 
People v. Jordan
, 103 Ill. 2d 192 (1984).  

Initially, this court dismissed the appeal for a lack of jurisdiction because we determined that defendant's notice of appeal was filed prematurely, 
i.e.
, the notice of appeal was filed after the court's oral pronouncement of the sentence but before the entry of the written order.  Our determination was based upon the following.  Defendant originally pleaded guilty to two counts of unlawful possession of contraband in a penal institution (crack cocaine and cannabis) on September 22, 1997.  On November 12, 1997, the court sentenced defendant to 12 years' incarceration for unlawful possession of cocaine and to eight years' incarceration for unlawful possession of cannabis.  Defendant filed a motion to withdraw his guilty plea, and on March 17, 1998, the court granted defendant's motion.  The court also vacated defendant's sentences, and Judge James Williamson recused himself from the case.  

Defendant again pleaded guilty to the same offenses before Judge Terry Foster on May 15, 1998.  On July 22, 1998, Judge Foster sentenced defendant to 14 years' incarceration for the offense of unlawful possession of cocaine and eight years' incarceration for the offense of unlawful possession of cannabis.  Defendant filed a motion to reconsider his sentence.  A hearing was held on November 13, 1998, on defendant's motion, and Judge Foster made the following docket entry that day:

"ASA [assistant State's Attorney] & Attorney Herbert [defense counsel] are present.  Attorney Herbert is given leave to amend the Motion to Reconsider Sentence with additional argument.  The Court considers the Supplement filed yesterday to be an amendment to the Motion to Reconsider.  The Attorneys argue and the matter is under advisement.  The Court finds that [section] 5-8-1(c) does not apply as defendant did not move for reconsideration of his original sentence but withdrew his plea of guilty and the original judgment and sentence was vacated.  Also, the Court finds section 5-

5-4 does not apply for the reasons set forth in 
Miller
, 676 N.E.2d 309.  The other arguments raised by Defendant are not well taken[,] and the Motion to Reconsider and the Supplement are denied.  [The assistant State's Attorney] will prepare an Order.  The Clerk will mail a copy of this docket sheet to counsel."

On November 17, 1998, defendant's counsel filed a notice of appeal.  Subsequently, a written order, essentially stating the court's ruling as entered on the docket sheet above, was entered on November 20, 1998.  An amended notice of appeal was never filed after November 20, 1998.  

Based upon the foregoing facts, this court determined that defendant's notice of appeal was premature under Supreme Court Rule 271 (134 Ill. 2d R. 271).  Rule 271 provides:

"When the court rules upon a motion other than in the course of trial, the attorney for the prevailing party shall prepare and present to the court the order or judgment to be entered, unless the court directs otherwise."  134 Ill. 2d R. 271.

In 
People v. Jones
, 104 Ill. 2d 268 (1984), the supreme court determined that a court's decision on a motion to suppress was not a final judgment but was a ruling on a motion other than in the course of trial and that Rule 271 applied.  
Jones
, 104 Ill. 2d at 275.  In 
Jones
, the trial court made an oral pronouncement that it was granting defendant's motion to suppress, and the supreme court found that the trial court contemplated that a written order would be prepared and entered.  A written order was entered more than four months later.  After the oral pronouncement but before the entry of the written order, the State filed a notice of appeal.  The supreme court held that the State's notice of appeal was premature and that the notice of appeal did not confer jurisdiction on the appellate court.  See 
Jones
, 104 Ill. 2d at 276.  Thus, in the case 
sub judice
, based upon the holding in 
Jones
, this court determined that under Rule 271 defendant had filed his notice of appeal prematurely, because defendant's motion to reconsider sentence was a motion not made in the course of the trial, because the court directed that a written order be prepared and the order was prepared a week after the hearing, and because defendant filed his notice of appeal after the oral pronouncement of the sentence and before the entry of the written order.  Therefore, this court dismissed defendant's appeal for a lack of jurisdiction.  

Defendant filed a motion for supervisory order with the supreme court.  On June 26, 2000, the supreme court entered the following supervisory order:

"This cause coming to be heard on the motion of the movant, due notice having been given to the respondents, and the court being fully advised in the premises;

IT IS ORDERED that the motion for supervisory order is 
allowed
.  In the exercise of this court's supervisory authority, the Appellate Court, Fifth District, is directed to vacate its order of May 23, 2000, dismissing the appeal in 
People v. Pittman
, No. 5-98-0747.  The appeal shall be reinstated, and the appellate court shall consider the appeal on the merits.

Order entered by the Court."

Therefore, in accord with the supreme court's supervisory order, we consider the merits of defendant's appeal.

FACTS

Defendant, an inmate at Shawnee Correctional Center, was charged with two counts 

of unlawful possession of contraband in a penal institution.  Ordinarily, count one, unlawful possession of cocaine, would be sentenced as a class 1 felony (see 720 ILCS 5/31A-1.1(g) (West 1996)); however, due to defendant's prior convictions, he was eligible to be sentenced as a class X felon upon conviction (see 730 ILCS 5/5-5-3(c)(8) (West 1996)).  Count two, unlawful possession of cannabis, is a class 3 felony.  See 720 ILCS 5/31A-1.1(e) (West 1996).  

Defendant's two guilty pleas and their disposition have been described in the opening remarks of this opinion and will not be restated here.

ANALYSIS

Defendant contends that his sentence on count one should be reduced to 12 years' imprisonment, because section 5-5-4 of the Code prohibits the circuit court from sentencing him to a longer prison term than 12 years, as the increase in sentence was not justified by conduct that occurred after the original sentencing hearing.  Section 5-5-4 provides:

"Where a conviction or sentence has been set aside on 
direct review
 or on 
collateral
 attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied unless the more severe sentence is based upon conduct on the part of the defendant occurring after the original sentencing."  (Emphasis added.)  730 ILCS 5/5-5-4 (West 1996).

The Council Commentary to section 5-5-4 states, [This section] [l]imits the use of increased sentences where an original conviction or sentence has been overturned by a higher court" and "This section sets out the rule adopted by the United States Supreme Court in North Carolina v. Pearce, 395 U.S. 711, [23 L. Ed. 2d 656,] 89 S. Ct. 2072 (1969) and followed by Illinois in People v. Baze, 43 Ill. 2d 298, 253 N.E.2d 392 (1969)."  730 ILCS Ann. 5/5-5-4, Council Commentary at 678 (Smith-Hurd 1997).  

In 
North Carolina v. Pearce
, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), the Supreme Court limited the power of a sentencing court to increase a sentence after a reconviction following a new trial.  
Pearce
, 395 U.S. at 725-26, 23 L. Ed. 2d at 669-70, 89 S. Ct. at 2080-81.  The Supreme Court held that under the due process clause of the fourteenth amendment, an increased sentence imposed after a retrial gives rise to a presumption that the greater sentence has been imposed for a vindictive purpose, 
i.e.
, that the court is punishing the defendant for invoking his constitutional rights.  
Pearce
, 395 U.S. at 724-25, 23 L. Ed. 2d at 668-69, 89 S. Ct. at 2080.  The Supreme Court in 
Pearce
 did not totally prohibit imposing a higher sentence following a retrial.  The Court's main focus was that due process prevents a higher sentence if it is a product of judicial vindictiveness.  See 
Alabama v. Smith
, 490 U.S. 794, 799, 104 L. Ed. 2d 865, 872, 109 S. Ct. 2201 (1989).  Following 
Pearce
, the Illinois Supreme Court adopted and applied the holding of 
Pearce
 in 
People v. Baze
, 43 Ill. 2d 298 (1969).  Both 
Pearce
 and 
Baze
 were based on federal due process considerations.  

Here, defendant contends that his increased sentence following the entry of his second guilty plea for the offense of unlawful possession of crack cocaine violates section 5-5-4 of the Code.  Section 5-5-4 applies when a defendant's conviction or sentence has been set aside on direct appellate review or on collateral attack.  730 ILCS 5/5-5-4 (West 1996).  "It is a rule of statutory construction that if the language is clear it should be given effect without resort to other aids for construction."  
People v. Adams
, 169 Ill. App. 3d 312, 317 (1988).  The clear language of section 5-5-4 precludes the use of the statute in this case since defendant's motion to withdraw his guilty plea was neither a direct review nor a collateral attack.  See 
People v. Jackson
, 299 Ill. App. 3d 104 (1998); 
People v. Miller
, 286 Ill. App. 3d 297 (1997); 
Adams
, 169 Ill. App. 3d at 316. 

While section 5-5-4 provides a statutory basis for the protection of rights envisioned in 
Pearce
 and 
Baze
, the statute is not an exclusive protection.  See 
Adams
, 169 Ill. App. 3d at 317.  The statute does not alter or abrogate the protective requirements of 
Pearce
 and 
Baze,
 and a defendant is still entitled to the protection of his due process rights even if section 5-5-4 does not apply.  See 
Adams
, 169 Ill. App. 3d at 317.  However, defendant in the case 
sub judice
 does not contend that his federal due process rights were violated or that the imposition of an increased sentence was an act of judicial vindictiveness.  See 
People v. Garcia
, 179 Ill. 2d 55 (1997).  In fact, it is noteworthy that at the hearing on defendant's motion to reconsider sentence, defense counsel specifically stated that he found no specific evidence of judicial vindictiveness and he was not going to argue that there was any involved in the court's imposition of a higher sentence after defendant entered guilty pleas for the same offenses the second time.  Defendant only contends that a statutory violation occurred. 

Defendant asks this court to follow the reasoning of 
People v. Pierce
, 80 Ill. App. 3d 514 (1980), rather than 
Jackson
, 
Miller
, and 
Adams
.  In 
Pierce
, at a bench trial, the defendant was convicted of battery and was sentenced to one year of probation.  Pierce timely filed a written motion requesting a new trial based on a claim that there had been no jury waiver.  Pierce's motion was granted, and the cause was reassigned to a different judge. 
Pierce
, 80 Ill. App. 3d at 515.  Subsequently, Pierce waived a jury trial, and after a bench trial, he was convicted again and was later sentenced to a one-year term of probation plus a 30-day term of incarceration.  In reversing the 30-day period of incarceration, the court held that section 5-5-4 may be construed to apply to a resentencing after the defendant has successfully gained posttrial relief in the trial court pursuant to a statutorily authorized motion under section 116-

1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-1 (West 1998)).  
Pierce
, 80 Ill. App. 3d at 516.  

In contrast, in 
Adams
, the defendant pleaded guilty to voluntary manslaughter and was sentenced to 10 years' imprisonment.  
Adams
, 169 Ill. App. 3d at 313.  On Adams's motion, the court allowed the withdrawal of his guilty plea.  Subsequently, a jury convicted Adams of voluntary manslaughter, and the court sentenced Adams to 12 years' imprisonment.  On appeal, Adams contended that the increase in sentence violated his due process rights.  The 
Adams
 court analyzed 
Pearce
 and concluded that the Supreme Court was interested in protecting the review of constitutional issues, not in providing a safety net for every convicted defendant who wished to have a second chance at trying his case.  
Adams
, 169 Ill. App. 3d at 315.  The 
Adams
 court affirmed the 12-year prison sentence and reasoned that Adams's trial and later conviction was the result of his own decision to withdraw his guilty plea; therefore, he could not claim the protection intended for those who attack their convictions on constitutional grounds by either direct review or collateral attack.  
Adams
, 169 Ill. App. 3d at 317.  The 
Adams
 court declined to follow the holding of 
Pierce
.  
Adams
, 169 Ill. App. 3d at 317.

In 
Miller
, the defendant pleaded guilty in three separate cases and was sentenced to consecutive sentences in those cases.  
Miller
, 286 Ill. App. 3d at 298.  Miller filed a motion to reconsider his sentences, which the trial court denied.  On appeal, the appellate court found that Miller had not been properly admonished pursuant to Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)), and the court remanded the case for proper admonishments and to allow him to file new postplea motions.  On remand, Miller was granted leave to withdraw his guilty pleas.  Although a jury trial was commenced, Miller entered into an agreement and subsequently pleaded guilty.  Miller received an increased sentence on one of the offenses for which he pleaded guilty.  On appeal, Miller contended that his increase in sentence violated section 5-5-4.  The appellate court evaluated Miller's contentions under both 
Adams
 and 
Pierce
 and concluded that 
Adams
 was the better reasoned of the two cases.  
Miller
, 286 Ill. App. 3d at 301.  The court in 
Miller
 determined that although the case was subject to appellate review, his guilty pleas were not vacated by a higher court, but by the trial court, and that the appellate review did not concern his motions to withdraw guilty pleas, so the court determined that the increased sentence imposed following the entry of his second guilty pleas did not violate section 5-5-4.  
Miller
, 286 Ill. App. 3d at 302.    

In 
Jackson
, the defendant pleaded guilty to heinous battery and was sentenced to 20 years' imprisonment.  
Jackson
, 299 Ill. App. 3d at 106.  Jackson filed a motion to withdraw his guilty plea, which was denied.  Jackson pursued a successful appeal, in which the appellate court remanded the cause to the circuit court for a hearing on his motion.  The circuit court allowed Jackson to withdraw his guilty plea and proceeded to trial on the charge.  A jury convicted Jackson of heinous battery, and the court sentenced him to 45 years' imprisonment.  The 
Jackson
 court found that nothing in the record indicated that there was a reasonable likelihood that the increase in his sentence was the product of actual judicial vindictiveness by the second sentencing judge, who was different from the first sentencing judge.  
Jackson
, 299 Ill. App. 3d at 115-16.  The court held that the burden was then on Jackson to prove actual vindictiveness, which he failed to do.  
Jackson
, 299 Ill. App. 3d at 116.  The court concluded that there was no due process violation when the trial court imposed a sentence greater than 20 years' imprisonment.  
Jackson
, 299 Ill. App. 3d at 116.  The 
Jackson
 court also determined that section 5-5-4 was not applicable because the trial court, rather than a higher court, allowed Jackson to withdraw his guilty plea and because Jackson's conviction and sentence were not set aside on direct review or collateral attack.  
Jackson
, 299 Ill. App. 3d at 117.  The 
Jackson
 court also stated that it found the reasoning of 
Adams
 and 
Miller
 more persuasive than 
Pierce
, and the court declined to follow 
Pierce
.  
Jackson
, 299 Ill. App. 3d at 117.  

This court, too, finds that the reasoning of 
Jackson
, 
Miller
, and 
Adams
 is more persuasive than the reasoning of 
Pierce
.  Defendant's withdrawal of his guilty pleas was allowed by the trial court, and no direct review or collateral attack occurred on his original convictions and sentences.  Defendant was even admonished at the hearing wherein defendant pleaded guilty for the second time that the trial court was not bound or obligated by the sentence that was previously imposed.  We note that the supreme court recently addressed this issue in 
People v. Diaz
, No. 85444, slip op. at 11 (Ill. August 10, 2000), finding that when a trial court grants a motion to withdraw a guilty plea, as in the case at bar, "both parties are then returned to the status quo as it existed prior to the acceptance of the plea."  Clearly, returning defendant to the status quo–prior to the acceptance of defendant's first guilty plea–permitted the trial court to sentence defendant to any term allowed by statute, including the sentence that defendant received after his second guilty plea.  Therefore, we determine that defendant's increased sentence following the withdrawal of his original guilty pleas and his entering of new guilty pleas to the same offenses does not violate section 5-5-4, as section 5-5-4 is not applicable.  

Defendant also contends on appeal that his extended-term sentence of eight years' incarceration for the offense of possession of cannabis, a class 3 felony, must be vacated, as the sentence is improper under 
Jordan
.  The State concedes this issue but asks this court to reduce defendant's sentence to five years' imprisonment rather than remand this case for resentencing.  Unlawful possession of cocaine in a penal institution is a class 1 felony (see 720 ILCS 5/31A-1.1(g) (West 1996)), while unlawful possession of cannabis in a penal institution is a class 3 felony (see 720 ILCS 5/31A-1.1(e) (West 1996)).  The range of sentencing for a class 3 felony is two to five years' imprisonment.  See 730 ILCS 5/5-8-

1(a)(6) (West 1996).  The extended-term for a class 3 felony is a prison term of not less than five years and not more than 10 years (see 730 ILCS 5/5-8-2(a)(5) (West 1996)). 

In this case, defendant received an extended-term sentence of eight years' imprisonment for his conviction of unlawful possession of cannabis, a class 3 felony.  An extended-term sentence may be imposed only for the most serious class of offenses for which a defendant is convicted.  See 
Jordan
, 103 Ill. 2d at 206.  In the case at bar, defendant's conviction for unlawful possession of crack cocaine in a penal institution is a class 1 felony, the more serious class of offense for which defendant was convicted.  Accordingly, defendant's extended-term sentence of eight years for his conviction of the class 3 felony, unlawful possession of cannabis in a penal institution, was improper.  Where a court having jurisdiction over both the person and the offense imposes a sentence in excess of what the statute permits, the legal and authorized portion of the sentence is not void, but the excess portion is void.  See 
People v. Jennings
, 204 Ill. App. 3d 1075 (1990).  Therefore, we reduce defendant's sentence on his conviction on count two for unlawful possession of contraband in a penal institution (cannabis) to the maximum allowable term of five years' imprisonment, which is to run concurrently with his prison term of 14 years for count one, unlawful possession of contraband in a penal institution (crack cocaine).  

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Johnson County is affirmed as to the sentence imposed on defendant's conviction for unlawful possession of contraband in a penal institution (crack cocaine) and affirmed as modified to a sentence of five years' imprisonment as to the sentence imposed on defendant's conviction for unlawful possession of contraband in a penal institution (cannabis).  The sentences are to run concurrently with each other but consecutively to the sentences that defendant is already serving.  

Affirmed as modified.

WELCH and CHAPMAN, JJ., concur.